**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

SAMANTHA CONNER                                                                    PLAINTIFF

VS.                                                             CAUSE NO. 3:20CV57-MPM-RP

ALLTIN LLC,
JAMES E. BROOKS,
KEVIN CASTEEL
WILLIE A. "SONNY" SANDERS, IN HIS OFFICIAL CAPACITY AS THE DULY ELECTED
CONSTABLE OF LOWNDES COUNTY, AND WILLIE A. "SONNY" SANDERS IN HIS
INDIVIDUAL CAPACITY,

                                                                                                DEFENDANTS.

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT THAT MISS.
CODE ANN. §89-7-35 VIOLATES THE 14TH AMENDMENT TO THE UNITED STATES
CONSTITUTION, FOR DAMAGES FOR VIOLATION OF 42 U.S.C. §1983, FOR
CONVERSION OF PERSONAL PROPERTY, INVASION OF PRIVACY, NEGLIGENT
INFLICTION OF EMOTIONAL DISTRESS, AND FOR SPECIAL DAMAGES.**

(Jury Demand)

Comes now, Plaintiff Samantha Conner, by and through counsel, and submits this complaint for Declaratory Judgment that Miss. Code Ann. §89-7-35 violates the 14th Amendment to the U.S. Constitution, for Compensatory and Punitive Damages for violation of 42 U.S.C. §1983, for Conversion of Personal Property, Invasion of Privacy, Negligent Infliction of Emotional Distress, and for Special Damages against ALLTIN LLC, James E. Brooks, Kevin Casteel, Willie A. "Sonny" Sanders, individually and in his capacity as the duly elected Constable of Lowndes County, Mississippi, and in support thereof would show the following:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and §1343(a)(4), 42 U.S.C. §1983, and 28 U.S.C. §1367 which grants jurisdiction over pendent state law claims.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Lowndes County in the Northern District of Mississippi, all Defendants reside in and/or do business in Lowndes County in the Northern of Mississippi, and the claims concern or otherwise relate to real property located in Lowndes County in the Northern District of Mississippi.

## PARTIES

3. Samantha Conner (hereinafter "Samantha") is an adult resident of Lowndes County. She resides at 102 Newbell Road Apt. #CT43 Columbus, MS.

4. Defendant ALLTIN LLC (hereinafter "ALLTIN") is a Mississippi Limited Liability Corporation. ALLTIN has its principal place of business at 3545 Bluecutt Road, Columbus, MS 39705. ALLTIN may be served with process upon its registered agent, James E. Brooks at 3545 Bluecutt Road, Columbus, MS, 39705.

5. Defendant James E. Brooks (hereinafter "Brooks") is an adult resident of the State of Mississippi. Brooks can be served with process at his residence 7730 Attala Road 500, Ethel, MS, 39067.

6. Defendant Kevin Casteel (hereinafter "Mr. Casteel") is an adult resident of the State of Mississippi. Upon information and belief, Mr. Castell may be served with process at his place of work, Chateaux Hills Apartments, 102 Newbell Road, Columbus, MS 39705.

7. Willie A. "Sonny" Sanders, Constable of Lowndes County, Mississippi (hereinafter "the Constable"), may be served with process by service on the Attorney General of Mississippi at 550 High St., Suite 1200, Jackson, MS, 39201.

8. Willie A. "Sonny" Sanders, an individual, may be served with process at 578 N. Front St. Artesia, MS 39736.

## FACTS

9. In November of 2016, Samantha entered into a residential rental contract with Defendant ALLTIN to lease an apartment located at Chateaux Hills Apartments, 102 Newbell Road, Apt. #CT43, Columbus, MS 39750 (hereinafter "the premises").

10. Defendant ALLTIN is the owner and lessor of the premises.

11. Defendant Brooks is the registered agent and owner of ALLTIN.

12. Defendant Casteel is the property manager at Chateaux Hills Apartments in Columbus, MS.

13. Upon information and belief, Mr. Casteel also does business as 2 Lease Now/ALLTIN.

14. ALLTIN, Brooks, and Mr. Casteel are hereinafter collectively referred to as "Defendants."

15. Samantha and her minor son resided at the premises beginning in November 2016 until she was evicted in February of 2019.

16. On January 25, 2019, Casteel, in his capacity as agent and property manager for ALLTIN, sued Ms. Conner for non-payment of January rent and for possession of the premises.

17. Prior to the trial date, Samantha paid January rent and court costs.

18. At trial on February 6, 2019, the Lowndes Justice Court entered a judgment against Samantha for February's rent in the amount of $926.00, which she had not yet paid due to the fact that her landlord was attempting to evict her.

19. Following the Justice Court hearing, Samantha and Mr. Casteel agreed that she would pay February's rent by the end of the month and that he would accept her late payment for February's rent.

20. Mr. Casteel promised that if Ms. Conner paid she could remain in possession of the premises.

21. On February 20, 2019, the Defendants caused the Lowndes County Justice Court to issue a warrant of removal ordering that an officer of Lowndes County remove Samantha from the premises.

22. On February 20, 2019, the Lowndes County Constable Willie A. "Sonny" Sanders, executed the warrant of removal against Samantha.

23. Mr. Casteel was present when the Lowndes County Constable executed the warrant of removal.

24. Mr. Casteel shouted discriminatory remarks at Samantha during the eviction, such as telling Samantha to get her "crazy pills" and get out.

25. Samantha attempted to gather as much of her personal property as she could carry.

26. Mr. Casteel grabbed her property from her hands, including medications necessary for treatment of Samantha's mental health conditions.

27. Mr. Casteel also forcibly prohibited Samantha from gathering her computer and other property Samantha attempted to take with her.

28. Mr. Casteel told Samantha he was going sell all of her personal property.

29. Mr. Casteel forced Samantha to leave the premises without any of her or her son's personal property.

30. Upon information and belief, the Lowndes County Constable Willie A. "Sonny" Sanders, who was there to execute the warrant of removal and to keep the peace, refused to allow Samantha to remove her personal property despite his knowledge that all of the belongings were in fact hers.

31. Upon information and belief, the Defendants seized all of Samantha's personal property pursuant to Miss. Code Ann. §89-7-35.

32. Willie A. "Sonny" Sanders, individually and in his official capacity as Lowndes County Constable, forcibly blocked Samantha from leaving the premises with her personal property and directed her to hand her property over to Defendants.

33. Pursuant to Miss. Code Ann. §89-7-35, Willie A. "Sonny" Sanders, individually and in his official capacity as Lowndes County Constable, refused to protect Samantha's property rights and participated in depriving her of her personal property.

34. Willie A. "Sonny" Sanders, as the Lowndes County Constable, is charged with knowing and enforcing the law within the limits of the U.S. Constitution.

35. As a reasonable person with knowledge of basic property ownership rights, Willie A. "Sonny" Sanders, individually, knew or should have known that his or his officer's refusal to allow Samantha to remove her personal property at the time he or his staff removed her from the premises violated Samantha's fundamental property rights.

36. Upon information and belief, the items retained by the Defendants include, but are not limited to:

a. All of Samantha's and her minor son's personal records (birth certificates, social security cards, medical records, bills, bank statements, tax information, credit card statements, photographs, her son's school records, etc.)

b. King size bed and matching dresser with a mirror and nightstand.

c. Curtains and wall decor.

d. Antique record player and albums.

e. Jewelry.

f. Grandchildrens' clothing.

g. One entertainment center.

h. Four solid wood dressers

i. A washer and dryer.

j. Two dinette tables with chairs.

k. Grill and accessories.

l. Samantha's minor son's school issued laptop.

m. Samantha's laptop.

n. Medical prescriptions.

o. Jewelry.

p. 55" Flat screen TV.

q. Blue ray player.

r. PS4 and Games.

s. Samantha's clothing and her minor son's clothing.

t. Kitchen items and appliances.

u. Food, wine, and snacks.

      v. Towels and swimming aids.

      w. General oddities (outside prop chair, humidifier, computer chair, desk file cabinet, etc.)

      x. Paper goods and cleaning products.

      y. Christmas tree and decorations.

37. Following being evicted and physically prohibited from removing her personal property, Samantha continually asked the private Defendants to allow her to remove her property from the premises.

38. Defendants refused Samantha's requests to retrieve her property.

39. Upon information and belief, Defendants sold all of Samantha's and her son's personal property that they could, and disposed of the rest.

40. Defendants' actions caused Samantha to be separated from her minor child, who had to move in with his grandmother because the Defendants' actions left Samantha without any of the possessions that are necessary to maintain a household or to take care of a child.

41. Samantha was unable to afford to replace her professional clothes, was unable to work, and could not seek employment due to the Defendants' conversion of all of her personal property.

42. Upon information and belief, Defendants obtained access to Samantha's most personal information that was included in her private papers and then used it to gain access to Samantha's private email, online banking accounts, and other accounts, thereby intentionally invading her personal privacy.

43. Defendants gained access to Samantha's personal accounts, changed her passwords, and otherwise caused her accounts to be inaccessible and closed to her.

44. Samantha suffered extreme emotional distress, which exacerbated her existing mental health disabilities, due to Defendants' wanton, willful, or grossly negligent conduct which evidenced a reckless disregard for her and her son's safety, rights, and privacy.

CLAIM FOR DECLARATORY JUDGMENT THAT MISS. CODE ANN. §89-7-35 VIOLATES THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION

45. Paragraphs 1-44 are incorporated herein by reference.

46. The 14th Amendment to the U.S. Constitution requires that no person be deprived of property under color of state law without adequate due process of law.

47. Miss. Code Ann. §89-7-1, et seq. and Miss. Code Ann. §89-8-1, et seq. govern the landlord tenant relationship in the State of Mississippi.

48. Miss. Code Ann. §89-7-35 states that a tenant's personal property that remains in or on the rental premises after the date tenant on which the tenant has been ordered to vacate the premises is deemed abandoned by the tenant and may be disposed of by the owner or landlord without further notice or obligation to the tenant.

49. This seizure and disposal of all of Samantha's and other similarly situated tenants' property under the color of §89-7-35, and with the assistance of State officials, is without a prior or post deprivation hearing or any judicial determination regarding the ownership of the personal property.

50. Under the color of §89-7-35, Samantha and other similarly situated tenants have been deprived of property with the assistance of duly elected officers of Lowndes County without receiving the substantive or procedural due process required by the U.S. Constitution.

51. Plaintiff hereby requests this Court to determine as a matter of law that §89-7-35 facially violates the U.S. Constitution and is illegal and unenforceable as a matter of law.

52. Plaintiff hereby requests this Court to determine as a matter of law that as applied in this case §89-7-35 violates the U.S. Constitution and is illegal and unenforceable as a matter of law.

## CLAIM FOR RELIEF AGAINST WILLIE A. "SONNY" SANDERS ACTING IN HIS OFFICIAL CAPACITY AS CONSTABLE OF LOWNDES COUNTY, MISSISSIPPI

53. Paragraphs 1-52 are incorporated herein by reference.

54. Willie A. "Sonny" Sanders, the duly elected Constable of Lowndes County, Mississippi, the public official who is charged with interpreting and enforcing the law in Lowndes County, Mississippi, violated Ms. Conner's 14th Amendment right to due process of law.

55. Under 42 U.S.C. §1983, Willie A. "Sonny" Sanders, as the public official who is charged with interpreting and enforcing the law in Lowndes County, Mississippi, is liable under 42 U.S.C. §1983 for depriving Samantha of her personal property without due process at the time he or his staff participated in removing her from the premises and refusing to allow her to take her property with her pursuant to Miss. Code Ann. §89-7-35.

56. Willie A. "Sonny" Sanders is liable in his official capacity as Constable of Lowndes County to Samantha for actual, compensatory, and punitive damages caused by the Lowndes County Constable's violation of Samantha's Constitutional rights in the amount of $100,000 or in an amount to be determined at trial.

## CLAIM FOR RELIEF AGAINST WILLIE A. "SONNY" SANDERS ACTING IN HIS PERSONAL CAPACITY UNDER COLOR OF STATE LAW

57. Paragraphs 1-56 are incorporated herein by reference.

58. Willie A. "Sonny" Sanders in his personal capacity physically removed Samantha from the premises and participated in prohibiting her from taking her personal property from the premises.

59. As a reasonable person with knowledge of basic property ownership rights, Willie A. "Sonny" Sanders is personally liable to Ms. Conner under 42 U.S.C. §1983 because he knew or should have known that his refusal to allow Samantha to remove her personal property, pursuant to Miss. Code Ann. §89-7-35, violated Samantha's fundamental property rights.

60. Willie A. "Sonny" Sanders is liable to Samantha for actual, compensatory, and punitive damages caused by his actions under color of state law that deprived Samantha of her property without due process in violation of the 14th Amendment right in the amount of $100,000 or in an amount to be determined at trial.

## CLAIMS FOR RELIEF AGAINST ALLTIN, LLC, JAMES E. BROOKS, AND KEVIN CASTEEL

### Count I

### VIOLATION OF 42 U.S.C. §1983

61. Paragraphs 1-62 are incorporated herein by reference.

62. The Defendants ALLTIN, LLC, James E. Brooks, and Kevin Casteel acted under the color of state law, Miss. Code Ann. §89-7-35, and in conjunction with the Lowndes County Constable in order to deprive Samantha of her fundamental right to substantive and procedural due process prior to deprivation of property that is guaranteed by the 5th and 14th Amendments to the U.S. Constitution.

63. The Defendants are liable to Samantha for actual, compensatory, and punitive damages caused by their violations of Samantha's Constitutional rights under the color of state law

and in conjunction with the Lowndes County Constable in the amount of $100,000 or in an amount to be determined at trial.

## Count II

### CONVERSION OF PERSONAL PROPERTY

64. Paragraph 1 through 63 of this complaint are hereby incorporated by reference.

65. Conversion is defined as "[t]he wrongful possession or disposition of another's property as if it were their own[.]" *Spearman v. State,* 80 So. 3d 116, 121 (Miss. Ct. App. 2011) (*Quoting* Black's Law Dictionary 356 (8th Ed. 2004)).

66. In order to demonstrate conversion, the Mississippi Supreme Court requires, "proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Covington County Bank v. Magee,* 177 So. 3d 826, 829 (2015).

67. Defendants retained all of Samantha's personal property and changed the locks to the property so she could not access her belongings.

68. Defendants physically removed Samantha's personal property from her hands as if it were Defendants' own.

69. Defendants perused, sold, donated and threw away Samantha's personal property.

70. Defendants unlawfully converted Samantha's property to their own use.

71. Defendants withheld Samantha's most essential personal property.

72. Defendants withheld Samantha's medications with total disregard as to how this action affected her health.

73. Defendants refused to return Samantha's minor child's school-issued laptop.

74. Defendants perused, sold, donated and threw away Samantha's minor child's personal property.

75. Defendants unlawfully converted Samantha's minor child's property.

76. The Mississippi Supreme Court follows "[t]he measure of damages for conversion of personal property is the value of the property at the time and place of its conversion." *West v. Combs*, 642 So. 2d 917, 921 (Miss. 1994)(citing *Paccar Financial Corp. v. Howard,* 615 So.2d 583 (Miss.1993)).

77. Additionally, "[p]unitive or exemplary damages may even be awarded for the conversion of another's property if there is evidence of acts which are willful, wrong, malicious, or oppressive. *Id*.

78. Defendants' refusal to return Samantha's property without right and in violation of her constitutional rights was willful, wrong, malicious, or oppressive.

79. The cost to replace all of Samantha's household belonging, which she had accumulated over time, is at least $10,000, or a greater amount to be determined at trial.

Count III

INVASION OF PRIVACY

80. Paragraphs 1 through 79 are hereby incorporated by reference.

81. Defendants intentionally intruded on Samantha's privacy by refusing to return her personal documents to her.

82. Defendants refused Samantha's request to return her personal documents.

83. Defendants used Samantha's personal information found in her personal papers that Defendants refused to return to her and used it to access her personal email and other personal accounts.

84. Defendants used this information to change Samantha's passwords and to deny her access to the accounts.

85. Samantha has been and continues to be excluded from access to her personal email by Defendants.

86. Defendants used Samantha's personal information to access her online banking account.

87. Samantha seeks compensatory and punitive damages against Defendants for wrongful and willful invasion of her privacy in the amount of $10,000 or an amount to be determined at trial.

Count IV

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

88. Paragraphs 1 through 87 are hereby incorporated by reference.

89. Defendants intentionally retained Samantha's property which she had not abandoned.

90. Samantha begged to retrieve her belongings from the Defendants.

91. Defendants willfully and wantonly refused to return Samantha's property to her, including essential personal property such as personal papers and medications.

92. Defendants had a duty to use reasonable care in evicting Samantha.

93. Defendants breached their duty of reasonable care by using force and threats and the color of law to deny Samantha's possession of her own property.

94. Defendants' breach of the duty of reasonable care was the actual and proximate cause of Samantha's extreme emotional distress.

95. Samantha seeks compensatory damages against Defendants for negligent infliction of emotional distress in the amount of $10,000 or an amount to be determined at trial.

Count V

SPECIAL OR PUNITIVE DAMAGES

96. Paragraphs 1 through 95 are hereby incorporated by reference.

97. Punitive damages may be awarded where the claimant proves by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud. Miss. Code Ann. §11-1-65.

98. As shown by the facts above, the Defendants acts in this case are intentional, wanton, malicious, and outrageous.

99. Defendants' complete disregard for Samantha's fundamental constitutional rights, right to possess, use, and control her own property, and utter disregard for Samantha's and her minor son's health, safety and privacy harmed Plaintiff financially and emotionally.

100.    Samantha hereby requests punitive damages in the amount of $50,000 so as to deter Defendants from engaging in this kind of unlawful and reprehensible behavior in the future.

JURY DEMAND

101.    Pursuant to F.R.C.P. 38, Plaintiff hereby demands a jury trial.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this court to:

1. Find and declare that Miss. Code Ann. §89-7-35 is facially unconstitutional; or that Miss. Code Ann. §89-7-35 is unconstitutional as applied in this case.

2. Determine that Willie A. "Sonny" Sanders, in his official capacity as the Lowndes County Constable, violated Ms. Conner's fundamental rights in violation of the 14th Amendment to the U.S. Constitution and 42 U.S.C.§1983.

3. Determine that Willie A. "Sonny" Sanders, in his individual capacity, violated Ms. Conner's fundamental rights under the color of law in violation of the 14th Amendment to the U.S. Constitution and 42 U.S.C.§1983.

4. Determine that ALLTIN LLC, James E. Brooks, and Kevin Casteel violated Ms. Conner's fundamental rights under the color of law in violation of the 14th Amendment to the U.S. Constitution and 42 U.S.C.§1983.

5. Determine that Willie A. "Sonny" Sanders, in his capacity as the Lowndes County Constable and in his individual capacity is liable to Ms. Conner for compensatory and punitive damages in the amount of $100,000 for violating 42 U.S.C. §1983.

6. Determine that ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable to Ms. Conner for compensatory and punitive damages in the amount of $100,000 for violating 42 U.S.C. §1983.

7. Find and declare that ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for converting Conner's personal property in the amount of $10,000.

8. Find and declare that ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for negligently inflicting emotional distress upon the Plaintiff through willful and wanton behavior and award damages in the amount of $10,000.

9. Find and declare that ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for intentionally invading the privacy of the Plaintiff in the amount of $10,000.

10. Find and declare Defendants acted with actual malice that evidenced a willful, wanton or reckless disregard for the safety of others, and that an award of punitive damages is warranted.

11. Find and declare that ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for punitive damages in the amount of $50,000.

12. Determine that the Defendants, ALLTIN LLC, James E. Brooks, and Kevin Casteel, are jointly and severally liable to Ms. Conner for compensatory and punitive damages in the total amount of $180,000, plus post judgment interest.

13. Determine that the Defendants, Willie A. "Sonny" Sanders in his official capacity as Constable of Lowndes County and in his individual capacity, and ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for the costs of maintaining this action, including reasonable attorneys' fees pursuant to 42 U.S.C §1983.

14. Grant such other relief as this Court may deem just and proper.

Respectfully submitted this the 10th day of April 2020, by and through counsel.

Samantha Conner

By: ____/s/ Desiree C. Hensley_____
Desiree Hensley, MSB No.102755

                                                The University of Mississippi
                                                School of Law
                                                Civil Legal Clinic
                                                P.O. Box 111
                                                Oxford, MS 38655
                                                (662 915-6896
                                                (662) 915-7447 (fax)
                                                dhensley@olemiss.edu

CERTIFICATE OF SERVICE

I, Desiree C. Hensley, do hereby certify that I have on this day served a copy of the foregoing First Amended Complaint of Defendants through their Attorneys of Record via ECF at the below email addresses:

For James E. Brooks, Kevin Casteel, and ALLTIN, LLC
Jack Hayes
jack@stoneandhayes.com

For the Attorney General of the State of Mississippi
Mary Jo Woods
mwood@ago.ms.gov

        This the 10th day of April, 2020.

                                                    ____/s/ Desiree C. Hensley_____
                                                  Desiree C. Hensley