**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

SAMANTHA CONNER                                      PLAINTIFF

VS.                                       CAUSE NO. 3:20CV57-MPM-RP

ALLTIN LLC,
JAMES E. BROOKS,
KEVIN CASTEEL
WILLIE A. "SONNY" SANDERS, IN HIS OFFICIAL CAPACITY AS THE DULY ELECTED
CONSTABLE OF LOWNDES COUNTY, AND WILLIE A. "SONNY" SANDERS IN HIS
INDIVIDUAL CAPACITY,

                                                                     DEFENDANTS.

**SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT THAT
MISS. CODE ANN. §89-7-31, §89-7-35, §89-7-41, AND §89-7-45 VIOLATE
THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION,
FOR DAMAGES FOR VIOLATION OF 42 U.S.C. §1983,
FOR CONVERSION, INVASION OF PRIVACY, NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS, AND FOR SPECIAL DAMAGES.**

(Jury Demand)

Comes now, Plaintiff Samantha Conner, by and through counsel, and submits this complaint for Declaratory Judgment that Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 violate the 5th and 14th Amendment to the U.S. Constitution, for Compensatory and Punitive Damages for violation of 42 U.S.C. §1983, for Conversion, Invasion of Privacy, Negligent Infliction of Emotional Distress, and for Special Damages against ALLTIN LLC, James E. Brooks, Kevin Casteel, and Willie A. "Sonny" Sanders, individually and in his capacity as the duly elected Constable of Lowndes County, Mississippi, and in support thereof would show the following:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and §1343(a)(4), 42 U.S.C. §1983, and 28 U.S.C. §1367 which grants federal courts supplemental jurisdiction over pendent state law claims.

## VENUE

2. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Lowndes County in the Northern District of Mississippi, all Defendants reside in and/or do business in Lowndes County in the Northern of Mississippi, and the claims concern or otherwise relate to real property located in Lowndes County in the Northern District of Mississippi.

## PARTIES

3. Samantha Conner (hereinafter "Samantha") is an adult resident of Lowndes County. She resides at 400 Forrest Blvd. Apt. 1, Columbus, MS 39702.

4. Defendant ALLTIN LLC (hereinafter "ALLTIN") is a Mississippi Limited Liability Corporation. ALLTIN has its principal place of business at 3545 Bluecutt Road, Columbus, MS 39705. ALLTIN may be served with process upon its registered agent, James E. Brooks at 3545 Bluecutt Road, Columbus, MS, 39705.

5. Defendant James E. Brooks (hereinafter "Brooks") is an adult resident of the State of Mississippi. Brooks can be served with process at his residence 7730 Attala Road 500, Ethel, MS, 39067.

6. Defendant Kevin Casteel (hereinafter "Casteel") is an adult resident of the State of Mississippi. Upon information and belief, Casteel may be served with process at his place of work, Chateaux Hills Apartments, 102 Newbell Road, Columbus, MS 39705.

7. Willie A. "Sonny" Sanders, Constable of Lowndes County, Mississippi (hereinafter "Constable Sanders"), may be served with process at 578 N. Front St. Artesia, MS 39736.

8. Willie A. "Sonny" Sanders, an individual, may be served with process at 578 N. Front St. Artesia, MS 39736.

## FACTS

9. In November of 2016, Samantha entered into a residential rental contract with Defendant ALLTIN to lease an apartment located at Chateaux Hills Apartments, 102 Newbell Road, Apt. #CT43, Columbus, MS 39750 (hereinafter "the premises").

10. Defendant ALLTIN is the owner and lessor of the premises.

11. Defendant Brooks is the registered agent and owner of ALLTIN.

12. Defendant Casteel is the property manager at Chateaux Hills Apartments in Columbus, MS.

13. Upon information and belief, Casteel and/or Brooks and ALLTIN also do business as 2 Lease Now/ALLTIN.

14. ALLTIN, Brooks, and Casteel are hereinafter collectively referred to as "Defendants."

15. Samantha and her minor son resided at the premises beginning in November 2016 until she was evicted in February of 2019.

16. On January 25, 2019, Casteel, in his capacity as agent and property manager for ALLTIN, sued Samantha for monetary damages in the amount of unpaid rent and for possession of the premises.

17. Prior to the trial date, Samantha paid the rent owed and court costs.

18. At trial on February 6, 2019, the Lowndes Justice Court entered a judgment against Samantha for February's rent in the amount of $926.00, which she had not yet paid due to the fact that her landlord was attempting to evict her.

19. Following the Justice Court hearing, Samantha and Casteel agreed that she would pay February's rent by the end of the month and that he would accept her late payment for February's rent.

20. Casteel promised that if Samantha paid she could remain in possession of the premises.

21. Samantha attempted to pay February rent but Casteel refused to accept payment.

22. On February 20, 2019, the Defendants caused the Lowndes County Justice Court to issue a warrant of removal, which ordered an officer of Lowndes County remove Samantha from the premises.

23. On February 20, 2019, Constable Sanders executed the warrant of removal.

24. Casteel was present when Constable Sanders executed the warrant of removal.

25. Casteel shouted discriminatory remarks at Samantha during the eviction, such as telling Samantha to get her "crazy pills" and get out.

26. Samantha attempted to gather as much of her personal property as she could carry.

27. Casteel grabbed her property from her hands, including medications necessary for treatment of Samantha's mental health conditions.

28. Casteel also forcibly prohibited Samantha from gathering her computer and other property Samantha attempted to take with her.

29. Casteel told Samantha he was going sell all of her personal property.

30. Casteel forced Samantha to leave the premises without any of her or her son's personal property.

31. Upon information and belief, the Constable Sanders, who was there to execute the warrant of removal and to keep the peace, refused to allow Samantha to remove her personal property despite his actual knowledge that all of the belongings were in fact hers.

4

32. Upon information and belief, the Defendants seized all of Samantha's personal property, acting pursuant to Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45.

33. Constable Sanders, individually and in his official capacity as Lowndes County Constable, forcibly blocked Samantha from leaving the premises with her personal property and directed her to hand her property over to Defendants.

34. Pursuant to Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 Constable Sanders, individually and in his official capacity as Lowndes County Constable, refused to protect Samantha's property rights and used his authority as an officer of Lowndes County to deprive her of her personal property.

35. Constable Sanders, as the Lowndes County Constable, is charged with knowing and enforcing the law within the limits of the U.S. Constitution.

36. As a reasonable person with knowledge of basic property ownership rights, Constable Sanders, individually, knew or should have known that his refusal to allow Samantha to remove her personal property violated Samantha's fundamental property rights.

37. Upon information and belief, the items seized by Constable Sanders and retained by the Defendants include, but are not limited to:

    a. All of Samantha's and her minor son's personal records (birth certificates, social security cards, medical records, bills, bank statements, tax information, credit card statements, photographs, her son's school records, etc.)

    b. King size bed and matching dresser with a mirror and nightstand.

    c. Curtains and wall decor.

    d. Antique record player and albums.

    e. Jewelry.

- **f.** Grandchildrens' clothing.
- **g.** One entertainment center.
- **h.** Four solid wood dressers
- **i.** A washer and dryer.
- **j.** Two dinette tables with chairs.
- **k.** Grill and accessories.
- **l.** Samantha's minor son's school issued laptop.
- **m.** Samantha's laptop.
- **n.** Medical prescriptions.
- **o.** Jewelry.
- **p.** 55" Flat screen TV.
- **q.** Blue ray player.
- **r.** PS4 and Games.
- **s.** Samantha's clothing and her minor son's clothing.
- **t.** Kitchen items and appliances.
- **u.** Food, wine, and snacks.
- **v.** Towels and swimming aids.
- **w.** Miscellaneous items (outside prop chair, humidifier, computer chair, desk file cabinet, etc.)
- **x.** Paper goods and cleaning products.
- **y.** Christmas tree and decorations.

38. After being physically prohibited from removing her personal property when she left the premises, Samantha continually asked the Defendants to allow her to retrieve her personal property.

39. Defendants refused Samantha's requests to retrieve her property.

40. Upon information and belief, Defendants sold all of Samantha's and her son's personal property that they could, and disposed of the rest.

41. Defendants' actions caused Samantha to be separated from her minor child, who had to move in with his grandmother because the Defendants' actions left Samantha without any of the possessions that are necessary to maintain a household or to take care of a child.

42. Samantha was unable to afford to replace her professional clothes, was unable to work, and could not seek employment due to the Defendants' conversion of all of her personal property.

43. Upon information and belief, Defendants obtained access to Samantha's most personal information that was included in her private papers and then used it to gain access to Samantha's private email, online banking accounts, and other accounts, thereby intentionally invading her personal privacy.

44. Defendants gained access to Samantha's personal accounts, changed her passwords, and otherwise caused her accounts to be inaccessible and closed to her.

45. Samantha suffered extreme emotional distress, which exacerbated her existing mental health disabilities, due to Defendants' wanton, willful, or grossly negligent conduct which evidenced a reckless disregard for her and her son's safety, rights, and privacy.

I. CLAIM FOR DECLARATORY JUDGMENT THAT MISS. CODE ANN. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 VIOLATE THE 5th and 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION

46. Paragraphs 1-45 are incorporated herein by reference.

47. The 14th Amendment to the U.S. Constitution requires that no person be deprived of property under color of state law without adequate procedural and substantive due process of law.

48. The 5th Amendment to the U.S. Constitution provides that private property may not be taken for public use without just compensation.

49. Miss. Code Ann. §89-7-1, et seq. and Miss. Code Ann. §89-8-1, et seq. govern the landlord tenant relationship in the State of Mississippi.

50. Miss. Code Ann §89-7-31(2) states that the summons to tenants for eviction proceedings shall state, "[a]t the hearing, a judge will determine if the landlord is granted exclusive possession of the premises. If the judge grants possession of the premises to the landlord and you do not remove your personal property, including any manufactured home, from the premises before the date and time ordered by the judge, then the landlord may dispose of your personal property without any further legal action."

51. Miss. Code Ann. §89-7-35(2) states, "[i]f the summons complied with the requirements of Section 89-7-31(2) and if the tenant has failed to remove any of the tenant's personal property, including any manufactured home, from the premises, then, if the judge has not made some other finding regarding the disposition of any personal property in the vacated premises, the personal property shall be deemed abandoned and may be disposed of by the landlord without further notice or obligation to the tenant."

52. Miss. Code Ann. §89-7-41 orders the magistrate to issue a warrant of removal to the sheriff, constable, or other officer immediately upon request, except when the underlying judgment is paid in full before the request for the warrant, commanding the officer of the State to immediately put the landlord into possession of the premises. §89-7-41 (2) repeats the

language of §89-7-35(2), stating that "[i]f the summons complied with the requirements of Section 89-7-31(2) and if the tenant has failed to remove any of the tenant's personal property, including any manufactured home, from the premises, then, if the judge has not made some other finding regarding the disposition of any personal property in the vacated premises, the personal property shall be deemed abandoned and may be disposed of by the landlord without further notice or obligation to the tenant".

53. Miss Code Ann. §89-7-45 states, "[i]f a judgment of eviction is founded solely upon the nonpayment of rent and, at the time of the request for the warrant for removal the full and complete amount of rent due, including any late fees as provided in the rental agreement that have accrued as of the date of judgment, and the costs of the proceedings, have been paid to the person entitled to the rent, the magistrate shall not issue a warrant for removal. If the rent, late fees, and costs have not been paid in full at the time of the request for the warrant for removal, the magistrate must immediately issue the warrant for removal unless the judge determines that, for good cause shown, a stay not to exceed three (3) days would best serve the interests of justice and equity. If it is shown that a stay is likely to result in material injury to the property of the person entitled to the rent, no stay shall be granted."

54. This seizure of all of Samantha's personal property under the color of §89-7-31, §89-7-35, §89-7-41, and §89-7-45 by a State official, was without warrant, a prior or post deprivation hearing, or any judicial determination regarding the ownership of the personal property.

55. Under the color of §89-7-31, §89-7-35, §89-7-41, and §89-7-45 Samantha was deprived of her property because State law simply deemed her personal property to be "abandoned" without any judicial determination regarding its actual ownership or without proper attachment of a lien or execution proceedings.

56. Under the color of §89-7-31, §89-7-35, §89-7-41, and §89-7-45 Constable Sanders, a duly elected officer of Lowndes County, conducted a warrantless search and seizure Samantha's personal property in violation of the 4th Amendment to the U.S. Constitution and without providing her with the substantive or procedural due process required by the U.S. Constitution.

57. Under the color of §89-7-31, §89-7-35, §89-7-41, and §89-7-45 Constable Sanders, a duly elected officer of Lowndes County, unlawfully seized Samantha's personal property without just compensation as required by the Takings Clause of the 5th Amendment to the U.S. Constitution, as applied to the States through the 14th Amendment.

58. Plaintiff hereby requests this Court to determine as a matter of law that by "deeming" property abandoned when the owner has not in fact abandoned it, §89-7-31, §89-7-35, §89-7-41, and §89-7-45 facially violate the due process and takings clauses of the 5th Amendment to the U.S. Constitution, as applied to the states by the 14th Amendment, and are therefore illegal and unenforceable as a matter of law.

59. Plaintiff hereby requests this Court to determine as a matter of law that as applied in this case §89-7-31, §89-7-35, §89-7-41, and §89-7-45 violate the due process and takings clauses of the 5th Amendment to the U.S. Constitution, as applied to the states through the 14th Amendment, and are therefore illegal and unenforceable as a matter of law.

   II. <u>CLAIM FOR RELIEF AGAINST WILLIE A. "SONNY" SANDERS ACTING IN HIS OFFICIAL CAPACITY AS CONSTABLE OF LOWNDES COUNTY, MISSISSIPPI</u>

60. Paragraphs 1-59 are incorporated herein by reference.

61. Constable Sanders, the duly elected Constable of Lowndes County, Mississippi, a public official who is charged with interpreting and enforcing the law in Lowndes County, Mississippi, violated Samantha's 4th, 5th and 14th Amendment rights.

62. Constable Sanders, the duly elected Constable of Lowndes County, Mississippi, a public official who is charged with interpreting and enforcing the law in Lowndes County, Mississippi, violated Samantha's 4th Amendment right against unlawful, warrantless, seizures of personal property.

63. Under 42 U.S.C. §1983, Constable Sanders, as the public official who is charged with interpreting and enforcing the law in Lowndes County, Mississippi, is liable under 42 U.S.C. §1983 for invading Samantha's privacy and seizing all of her personal property without a warrant or substantive and procedural due process.

64. Constable Sanders, the duly elected Constable of Lowndes County, Mississippi, a public official who is charged with interpreting and enforcing the law in Lowndes County, Mississippi, the Takings Clause of the 5th Amendment to the U.S. Constitution, as applied to the states by the 14th Amendment, by taking her property for public use without just compensation.

65. Under 42 U.S.C. §1983, Constable Sanders, as a public official who is charged with interpreting and enforcing the law in Lowndes County, Mississippi, is liable under 42 U.S.C. §1983 for depriving Samantha of her personal property without procedural or substantive due process and transferring it to the Defendants.

66. Constable Sanders is liable in his official capacity as Constable of Lowndes County to Samantha for actual and compensatory damages caused by the Lowndes County Constable's violation of Samantha's Constitutional rights in the amount of $100,000, or in an amount to be determined at trial.

67. Constable Sanders is liable to Samantha for punitive damages caused by his recklessness, serious indifference to or disregard for Samantha's constitutionally protected rights, and gross negligence in an amount to be determined at trial.

### III. CLAIM FOR RELIEF AGAINST WILLIE A. "SONNY" SANDERS ACTING IN HIS PERSONAL CAPACITY UNDER COLOR OF STATE LAW

68. Paragraphs 1-67 are incorporated herein by reference.

69. Willie A. "Sonny" Sanders prohibited Samantha from taking her personal property from the premises.

70. Willie A. "Sonny" Sanders seized all of Samantha's belongings and transferred them to the Defendants.

71. As a reasonable person with knowledge of basic property ownership rights, Willie A. "Sonny" Sanders is personally liable to Samantha under 42 U.S.C. §1983 because he knew or should have known that seizing Samantha's personal property and transferring it to the Defendants violated Samantha's fundamental property rights.

72. Willie A. "Sonny" Sanders is liable to Samantha for actual and compensatory damages caused by his actions under color of state law that deprived Samantha of her property without due process in violation of 5th and 14th Amendment rights, and seizing her property without a warrant in violation of the 4th Amendment, in the amount of $100,000, or in an amount to be determined at trial.

73. Willie A. "Sonny" Sanders is liable to Samantha for punitive damages caused by his recklessness, serious indifference to or disregard for Samantha's constitutionally protected rights, and gross negligence in an amount to be determined at trial.

IV.    CLAIMS FOR RELIEF AGAINST ALLTIN, LLC, JAMES E. BROOKS, AND KEVIN CASTEEL

Count I

VIOLATION OF 42 U.S.C. §1983

74. Paragraphs 1-73 are incorporated herein by reference.

75. The Defendants ALLTIN, LLC, Brooks, and Casteel acted under the color of state law, Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45, and in conjunction with Constable Sanders, to deprive Samantha of her fundamental right to substantive and procedural due process prior to deprivation of property that is guaranteed by the 5th and 14th Amendments to the U.S. Constitution.

76. The Defendants are liable to Samantha for actual and compensatory damages in the amount of $100,000 or in an amount to be determined at trial.

Count II

CONVERSION OF PERSONAL PROPERTY

77. Paragraph 1 through 76 of this complaint are hereby incorporated by reference.

78. Conversion is defined as "[t]he wrongful possession or disposition of another's property as if it were their own[.]" *Spearman v. State,* 80 So. 3d 116, 121 (Miss. Ct. App. 2011) (*Quoting* Black's Law Dictionary 356 (8th Ed. 2004)).

79. In order to demonstrate conversion, the Mississippi Supreme Court requires, "proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand." *Covington County Bank v. Magee,* 177 So. 3d 826, 829 (2015).

80. Defendants converted all of Samantha's personal property.

81. Defendants physically removed Samantha's personal property from her hands as if it were Defendants' own.

82. Defendants perused, sold, donated and threw away Samantha's personal property.

83. Defendants unlawfully converted Samantha's property to their own use.

84. Defendants withheld Samantha's most essential and private personal property.

85. Defendants withheld Samantha's medications with total disregard as to how this action affected her health.

86. Defendants refused to return Samantha's minor child's school-issued laptop.

87. Defendants perused, sold, donated and threw away Samantha's minor child's personal property.

88. Defendants unlawfully converted Samantha's minor child's property.

89. The Mississippi Supreme Court follows "[t]he measure of damages for conversion of personal property is the value of the property at the time and place of its conversion." *West v. Combs*, 642 So. 2d 917, 921 (Miss. 1994) (citing *Paccar Financial Corp. v. Howard,* 615 So.2d 583 (Miss.1993)).

90. The cost to replace all of Samantha's household belonging, which she had accumulated over her lifetime, is at least $40,000, or a greater amount to be determined at trial.

Count III

INVASION OF PRIVACY

91. Paragraphs 1 through 90 are hereby incorporated by reference.

92. Defendants intentionally intruded on Samantha's privacy by refusing to return her personal documents to her.

93. Defendants refused Samantha's request to return her personal documents.

94. Defendants used Samantha's personal information found in her personal papers that Defendants refused to return to her and used it to access her personal email and other personal accounts.

95. Defendants used this information to change Samantha's passwords and to deny her access to the accounts.

96. Samantha has been and continues to be excluded from access to her personal email by Defendants.

97. Defendants used Samantha's personal information to access her online banking account.

98. Samantha seeks compensatory and punitive damages against Defendants for wrongful and willful invasion of her privacy in the amount of $20,000 or an amount to be determined at trial.

Count IV

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

99. Paragraphs 1 through 98 are hereby incorporated by reference.

100. Defendants intentionally retained Samantha's property which she had not abandoned.

101. Samantha begged to retrieve her belongings from the Defendants.

102. Defendants willfully and wantonly refused to return Samantha's property to her, including essential personal property such as private papers and medications.

103. Defendants had a duty to use reasonable care in evicting Samantha.

104. Defendants breached their duty of reasonable care by using force and threats and the color of law to deny Samantha's possession of her own property.

105. Defendants' breach of the duty of reasonable care was the actual and proximate cause of Samantha's extreme emotional distress.

106. Samantha seeks compensatory damages against Defendants for negligent infliction of emotional distress in the amount of $40,000 or an amount to be determined at trial.

## Count V

### SPECIAL OR PUNITIVE DAMAGES

107. Paragraphs 1 through 106 are hereby incorporated by reference.

108. Punitive damages are available in an action under 42 U.S.C.S. §1983 when defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to federally protected rights of others.

109. As shown by the facts above, the Defendants' behavior in this case shows an actual intent to injure Samantha, or an evil motive.

110. As shown by the facts above, the behavior of the Defendants and Constable Sanders in his official and personal capacity shows recklessness, serious indifference to or disregard for Samantha's constitutionally protected rights, and gross negligence making an award of punitive damages proper.

111. The Defendants and Constable Sanders in his official and personal capacity showed complete disregard for Samantha's fundamental constitutional rights, right to possess, use, and control her own property, and utter disregard for Samantha's and her minor son's health, safety and privacy harmed Plaintiff financially and emotionally.

112. Samantha hereby requests punitive damages in the amount to be determined at trial so as to deter Defendants and Constable Sanders in his official and personal capacity from engaging in this kind of unlawful and reprehensible behavior in the future.

### JURY DEMAND

113. Pursuant to F.R.C.P. 38, Plaintiff hereby demands a jury trial.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this court to:

1. Find and declare that Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 are facially unconstitutional; or, alternatively, that Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 are unconstitutional as applied in this case.

2. Determine that Willie A. "Sonny" Sanders, in his official capacity as the Lowndes County Constable, violated Samantha's fundamental rights in violation of the 4th, 5th, and 14th Amendments to the U.S. Constitution and 42 U.S.C.§1983.

3. Determine that Willie A. "Sonny" Sanders, in his individual capacity, violated Samantha's fundamental rights under the color of law in violation of the 4th, 5th, and 14th Amendments to the U.S. Constitution and 42 U.S.C.§1983.

4. Determine that ALLTIN LLC, James E. Brooks, and Kevin Casteel violated Samantha's fundamental constitutional rights under the color of law in violation of the 14th Amendment to the U.S. Constitution and 42 U.S.C.§1983.

5. Find and declare that Willie A. "Sonny" Sanders, in his capacity as the Lowndes County Constable and in his individual capacity, ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for converting Conner's personal property in the amount of $40,000.

6. Find and declare that Willie A. "Sonny" Sanders, in his capacity as the Lowndes County Constable and in his individual capacity, ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for negligently inflicting emotional distress upon the Plaintiff through willful and wanton behavior and award damages in the amount of $40,000.

7. Find and declare that Willie A. "Sonny" Sanders, in his capacity as the Lowndes County Constable and in his individual capacity, ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for intentionally invading the privacy of the Plaintiff in the amount of $20,000.

8. Determine that Willie A. "Sonny" Sanders, in his capacity as the Lowndes County Constable and in his individual capacity, ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable to Samantha for compensatory damages in the total amount of $100,000.

9. Find and declare that Willie A. "Sonny" Sanders, in his capacity as the Lowndes County Constable and in his individual capacity, ALLTIN LLC, James E. Brooks, and Kevin Casteel acted with evil motive or recklessness, serious indifference to or disregard for the rights of others, or gross negligence, and that an award of punitive damages is warranted.

10. Find and declare that Willie A. "Sonny" Sanders, in his capacity as the Lowndes County Constable and in his individual capacity, ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable are jointly and severally liable for punitive damages in an amount of to be determined by the jury at trial.

11. Determine that the Defendants, Willie A. "Sonny" Sanders in his official capacity as Constable of Lowndes County and in his individual capacity, and ALLTIN LLC, James E. Brooks, and Kevin Casteel are jointly and severally liable for the costs of maintaining this action, including reasonable attorneys' fees pursuant to 42 U.S.C §1983.

12. Grant such other relief as this Court may deem just and proper.

    Respectfully submitted this the 17th day of June 2020, by and through counsel.

                                                Samantha Conner

By:     /s/ Desiree C. Hensley
Desiree Hensley, MSB No.102755
The University of Mississippi
School of Law
Civil Legal Clinic
P.O. Box 111
Oxford, MS 38655
(662 915-6896
(662) 915-7447 (fax)
dhensley@olemiss.edu

CERTIFICATE OF SERVICE

I, Desiree C. Hensley, do hereby certify that I have on this day served a copy of the foregoing First Amended Complaint of Defendants through their Attorneys of Record via email at the below addresses:

For Willie A. "Sonny" Sanders in his personal and official capacities
Danny Griffith
dgriffith@jlpalaw.com

Katie Portner
kportner@jlpalaw.com

For James E. Brooks, Kevin Casteel, and ALLTIN, LLC
Jack Hayes
jack@stoneandhayes.com

This the 17th day of June, 2020.

    /s/ Desiree C. Hensley
Desiree C. Hensley