**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

SAMANTHA CONNER                                                          PLAINTIFF

VS.                                                          CAUSE NO. <u>3:20CV57-MPM-RP</u>

ALLTIN LLC,
JAMES E. BROOKS,
KEVIN CASTEEL
WILLIE A. "SONNY" SANDERS, IN HIS OFFICIAL CAPACITY AS THE DULY ELECTED
CONSTABLE OF LOWNDES COUNTY, AND WILLIE A. "SONNY" SANDERS IN HIS
INDIVIDUAL CAPACITY,

                                                          DEFENDANTS.

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**</u>
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

COMES NOW, Samantha Conner, by and through counsel, and in support of her Motion for
Summary Judgment would show the Court the following:

I.        **INTRODUCTION:**

Samantha Conner and her son were evicted from their home in Columbus, MS on February 19,

2019. Prior to their eviction, the Lowndes County Justice Court entered a judgment for past due rent

against Samantha in the amount of $926.00. (Exhibit A "Justice Court Judgment"). The judge did not

order the Conners to move out by a particular date and made no other legal or factual determinations.

While evicting the Conners, Defendant Constable Willie A. "Sonny" Sanders (hereinafter "Sanders")

seized all of Samantha's and her son's possessions and refused to allow her to remove them from the

premises. Sanders then transferred all of Samantha's and her son's possessions to Defendants Alltin,

LLC, James E. Brooks, and Kevin Casteel.

After Sanders refused to let Samantha take her property with her, Kevin Casteel (hereinafter "Casteel"), the property manager of Alltin, LLC, locked the Conners's property in the home. Samantha and her son were left with only the clothes on their backs and her vehicle. James E. Brooks (hereinafter "Brooks"), the sole member/director of Alltin, had actual knowledge that Alltin, LLC, through Casteel, had taken all of Samantha's belongings and did not allow her to take them. Casteel, Brooks, and Alltin (hereinafter "the Defendants") claim that Mississippi law allowed them to take and keep every worldly possession from the tenants they evict, including from the Conners. There was no pre-seizure or post seizure hearing to determine the ownership or value of Samantha's property, nor did the Defendant use the State's processes for the execution of a money judgment. Simply put, the Defendants stole the Conners's property and did with it as they pleased, as if it were the Defendants' own property.

Constable Sanders seized Samantha's belongings pursuant to a warrant issued by the clerk of the justice courts of Lowndes County. (Exhibit B "Warrant of Removal"). By its plain language, the Warrant of Removal in this case ordered Sanders to remove Samantha and her belongings from the unit so as to return the landlord to physical possession of the apartment. It did not command Sanders to take possession of all of Samantha's personal property and then to transfer that property to the Defendants. Thus Sanders, who is clearly a State actor, took Samantha's property without warrant or compensation and transferred all of it to the Defendants without legal right. This was an unconstitutional taking of private property by the State without compensation and a violation of fundamental rights that are protected by the United States Constitution.

## II.    PROCEDURAL POSTURE:

Samantha began renting her apartment at Chateaux Hills Apartments in Columbus, MS in November of 2016. In November of 2018 she fell behind on rent. This lapse in rent payment led to her eviction, the issuance of a Warrant of Removal, and the unlawful seizure and conversion of her

property. The judgment of eviction against her and the right of her landlord to take back physical possession of the apartment due to her non-payment of rent is not contested here -- only the unlawful seizure and conversion of her property when she was physically removed from her home.

On February 17, 2020, Samantha filed her Complaint for Declaratory Judgment that Miss. Code Ann. §89-7-35 violates the 14th Amendment to the United States Constitution, for Damages for Violation of 42 U.S.C. §1983, for Conversion of Personal Property, Invasion of Privacy, Negligent Infliction of Emotional Distress, and for Special Damages. (Doc #1). The original complaint was amended April 10, 2020 to add Sanders as a defendant in his personal and official capacity. (Doc #25). The complaint was further amended on June 17, 2020 to add challenges to the constitutionality of Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45, which when applied together violate the 5th and 14th amendments to the United States Constitution. (Doc #51).

Miss. Code Ann. §89-7-1, et seq. and Miss. Code Ann. §89-8-1, et seq. govern the landlord tenant relationship in the State of Mississippi. The text of the statutes challenged in this case are provided here as a foundation to the discussion of the constitutionality of Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 as written and as applied in this case.

1) Miss. Code Ann §89-7-31(2) is regarding the content of summonses in eviction proceedings.

   It states that the summons shall include the following language:

   "[a]t the hearing, a judge will determine if the landlord is granted exclusive possession of the premises. If the judge grants possession of the premises to the landlord and you do not remove your personal property, including any manufactured home, from the premises before the date and time ordered by the judge, then the landlord may dispose of your personal property without any further legal action."

2) Miss. Code Ann. §89-7-35(2) provides,

   "[i]f the summons complied with the requirements of Section 89-7-31(2) and if the tenant has failed to remove any of the tenant's personal property, including any manufactured home, from the premises, then, if the judge has not made some other finding regarding the disposition of any personal property in the vacated premises, the personal property shall be deemed abandoned and may be disposed of by the landlord without further notice or obligation to the tenant."

3) Miss. Code Ann. §89-7-41(2) states,

"(2) If the summons complied with the requirements of Section 89-7-31(2) and if the tenant has failed to remove any of tenant's personal property, including any manufactured home, from the premises, then if the judge has not made some other finding regarding the disposition of any personal property in the vacated premises, the personal property shall be deemed abandoned any may be disposed of by the landlord without further notice or obligation to the tenant."

4) Miss. Code Ann. §89-7-45, regarding stays of execution of the warrant of removal, states,

"If a judgment of eviction is founded solely upon the nonpayment of rent and, at the time of the request for the warrant for removal the full and complete amount of rent due, including any late fees as provided in the rental agreement that have accrued as of the date of judgment, and the costs of the proceedings, have been paid to the person entitled to the rent, the magistrate shall not issue a warrant for removal. If the rent, late fees and costs have not been paid in full at the time of the request for the warrant for removal, the magistrate must immediately issue the warrant for removal unless the judge determines that, for good cause shown, a stay not to exceed three (3) days would best serve the interests of justice and equity. If it is shown that a stay is likely to result in material injury to the property of the person entitled to the rent, no stay shall be granted."

The above laws are unconstitutional as written and as applied in this case. They do not provide adequate notice to tenants that their personal property will be systematically seized by state actors and given to their landlords without recourse. The laws do not provide a specific time period between the judgment of eviction and the moment of physical removal during which time the tenant may vacate the property and avoid "abandoning" property that they are actively in possession of. The statute includes no post-seizure hearing for tenants to attempt to recover property seized by the State and transferred to landlords pursuant to these laws. For these reasons, Samantha requests the court to find that because Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 allow the State to seize personal property without notice, without prior or post deprivation hearing, and without just compensation, they violate the protections guaranteed to citizens of Mississippi by the United States Constitution.

III.  **SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and that under those facts the movant is entitled to judgment as a matter of law. FED. R. Civ. P. 56(a), *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), *cert. denied*, 484 U.S. 1066, 108 S. Ct. 1028, 98 L. Ed. 2d 992 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts to show that there is a genuine issue that remains for trial or that the non-movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts essential to his claim that must be proven by trial, then a genuine issue is presented and summary judgment is improper. *Celotex*, 477 U.S. at 327.

The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 361 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

In the current case, viewing the evidence in favor of Sanders and Defendants, an evaluation and analysis of the pleadings demonstrates that there are no genuine issues as to any material facts

5

regarding the eviction and the seizure of Samantha's property and that the parties agree about the material facts underlying this dispute. The only question before the Court is one of law: given these undisputed facts, whether Samantha is entitled to a judgment declaring that Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 violate the 4th, 5th, and 14th amendments to the U.S. Constitution and are void.

IV.    **UNDISPUTED MATERIAL FACTS**

In November of 2016, Samantha rented an apartment in Columbus, Mississippi from Defendant Alltin, LLC (hereinafter "Alltin") at the Chateaux Holly Hills Apartments. James E. Brooks is the owner and sole member of Alltin. Defendant Kevin Casteel is the property manager of Chateaux Holly Hills. For two years, Samantha resided in her apartment at Chateaux Holly Hills and seldom interacted with Casteel -- the "on-the-ground" representative of Alltin and Brooks.

On January 24, 2019 Casteel and/or Alltin and Brooks, doing business as "2LeaseNow," sued Samantha for non-payment of rent and demanded possession of her apartment. The Lowndes County Justice Court summonsed Samantha to appear in person on February 6, 2019 to defend against the eviction and $1633.00 in unpaid rent demanded by her landlords. The summons contained a statement that read,

> *****AT THE HEARING, A JUDGE WILL DETERMINE IF THE LANDLORD IS GRANTED EXCLUSIVE PERMISSION OF THE PREMISES. IF THE JUDGE GRANTS POSSESSION OF THIS PREMISES TO THE LANDLORD AND YOU DO NOT REMOVE YOUR PERSONAL PROPERTY, INCLUDING ANY MANUAFACTURED HOME, FROM THE PREMISES BEFORE THE DATE AND TIME ORDERED BY THE JUDGE, THEN THE LANDLORD MAY DISPOSE OF YOUR PERSONAL PROPERTY WITHOUT ANY FURTHER LEGAL ACTION*****(SECTION 89-7-31 MS CODE)

(Exhibit C - Lowndes County Justice Court Summons.)

Samantha paid January's rent prior to the trial date. Nevertheless, at the February 6 trial, the Lowndes County Justice Court entered a judgment against Samantha for February's rent and court costs in the amount of $926.00. The Court did not order Samantha to remove her property from the

rental unit by a certain date. The Court simply granted eviction and a money judgment in favor of Casteel/2LeaseNow for $926.00. (Exhibit A – Justice Court Judgment).

On February 19, 2019 the Defendants requested and the Justice Court issued a Warrant of Removal, which stated,

> "To the Sheriff or any Constable of said County: You are hereby commanded to remove (tenant) and all other persons from (leased premises address) and put (owner/landlord) in possession thereof, and of the goods and chattels, in lands and tenaments from said judgment rendered on (date) of (tenant) you cause to be made the costs of this suit; and make returnable of your proceedings to the undersigned."

> (Exhibit B – Warrant of Removal).

The next day, February 20, 2019, Constable Sanders executed the Warrant. He and Casteel went to Samantha's apartment together and demanded that she leave. Samantha tried to gather what belongings she could carry but Casteel and Constable Sanders refused to allow her to remove anything -- even her most personal possessions like birth certificates, diplomas, social security cards, bank statements, medical records, old family photos, keepsakes, identifying documents, clothing, shoes, or toys. Casteel and Constable Sanders refused to let her change out of her pajamas or to pack clothes to take with her. Casteel and Constable Sanders would not allow her to take her laptop or her son's school issued laptop. Casteel and Constable Sanders took every earthly possession that held a memory for Samantha and her son, almost all of which would have been exempt from execution as a matter of law.[1] Her son was not allowed to pack up his school books, football uniform, or Play Station which he had purchased with his own hard-earned money from working after school. Casteel and Constable Sanders refused to allow Samantha to take prescription medications she needed for serious illnesses. She left with nothing. Even the comfort of her son's presence was taken from her since he had to live with a relative while Samantha tried for months to piece her life back together. She began by contacting legal services in an attempt to recover what was taken from her.

---
[1] Miss. Code Ann. §85-3-1

Within hours of the seizure of her property, Adrian Reynolds, an attorney with North Mississippi Rural Legal Services, working on behalf of Samantha, contacted Brooks by email and phone to tell him about the conversion of Samantha's property and to demand it's return. (Exhibit D – Communication). Brooks told her to talk to Casteel. Casteel claimed that Samantha's possessions now belonged to him under Mississippi law.

On March 1, 2019 current counsel, working on behalf of Samantha, demanded that Brooks and Casteel return Samantha's property. (Exhibit E – Letter and email to Brooks) Brooks was nonresponsive. Casteel again claimed that Mississippi Law gave him the right to keep all of Samantha's possessions.

V.      **ARGUMENT**

      A.  The parties do not dispute the material facts relating to the seizure of Samantha's personal property by the Constable and Casteel.

The material facts relating to the seizure of Samantha's personal property by Constable Sanders and Casteel are agreed to by all parties. On February 6, 2019, the Lowndes County Justice Court entered an order in the Defendants' favor for $926.00 and eviction. Constable Sonny Sanders executed the eviction on February 20, 2019. *Id.* Samantha was forced to immediately leave the apartment complex. *Id.* Her possessions were locked in the home. *Id.* There was no further legal determination for ownership of the property in the apartment. *Id.* The Defendants kept all of Samantha's property that was in the home after her removal. *Id.*

      B.  As a matter of longstanding precedent, Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 violate the Due Process Clause of the 5th Amendment as Applied to the States by the 14th Amendment to the United States Constitution.

1.  The 14th amendment to the U.S. Constitution guarantees notice and hearing regarding the disposition of property before its owner is deprived of it by a State actor.

A fundamental principal of procedural due process of law is the state must provide prior notice and hearing before depriving a person of her property. US Const. Amend. 14 Sec. 1. The challenged

8

Mississippi statutes allow the State to seize a tenant's personal property and to transfer title to the landlord without a hearing regarding the seizure of the tenant's personal property. The statute also provides no post-deprivation hearing after the State has seized it. "The Constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions." *Hall v. Garson*, 468 F. 2d 845 (5th Cir. 1972).

2. The U.S. Supreme Court has already determined that State seizures of property without a pre-deprivation hearing are unconstitutional.

Almost forty years ago, the U. S. Supreme Court found that Florida's and Pennsylvania's pre-judgment replevin statutes to be unconstitutional under facts similar to these. *Fuentes v. Shevin,* 407 U.S. 67 (1983). In *Fuentes*, the statutes in question authorized the summary seizure of personal property under a writ of replevin. Neither statutes provided for notice of hearing prior to the seizure.

The Court determined that the state statutes were unconstitutional because they did not provide an actual opportunity for substantive hearing prior to the State seizing personal property in the possession of one person upon application of another. *Id.* at 97. Regarding pre-deprivation notice, the Court stated, "[f]or more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.'" *Baldwin v. Hale,* 1 Wall. 223,233 (1863) (emphasis added). See *Widsor v. McVeigh,* 93 U.S. 274 (1876); *Hovey v. Elliot,* 167 U.S. 409 (1897)*; Grannis v. Ordean,* 234 U.S. 385 (1914). It is equally fundamental that the opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)." *Fuentes,* at 570-71. It is axiomatic that the prior hearing provides a real test since the essential reason for the prior hearing requirement is to prevent unfair and mistaken deprivation of property. "Due process is afforded only by the kinds of 'notice' and 'hearing' that are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor *before* he can be deprived of his property...."

9

*Fuentes* at 98 (citing *Sniadach v. Family Financy Corp.* 395 U.S. 337 (1969); *Bell v. Burson,* 402 U.S. 535 (1971); *Goldberg v. Kelly,* 397 U.S. 262 (1970).

Like the replevin statute in *Fuentes*, Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 do not to provide sufficient notice to tenants. Here, the notice does not clearly state that the property in their physical possession will be owned by their landlord at the moment they are evicted. The summons does not inform tenants that if the landlord wins the case for possession they could be immediately evicted and no longer own their belongings. The summons does not adequately notify tenants that the State may not only remove the tenant from the premises but also take all of their possessions and transfer title of those possessions to their former landlord. Miss. Code Ann. Similarly to the statutes declared unconstitutional in *Fuentes,* the Mississippi statute does not provide a pre or post deprivation hearing specifically regarding ownership and possession of the tenant's personal property. The summons merely orders the tenant to appear in court to defend against the landlord's demand for physical possession of the rental unit, not to defend their ownership of their belongings. §89-7-35. Finally, Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 utterly fail to provide a tenant with a meaningful opportunity to defend against this deprivation either before or after it happens.

3. The 5th Circuit has already held that seizures of a tenant's personal property without adequate notice and hearing are unconstitutional.

Applying *Fuentes*, the 5th Circuit declared Texas' landlord lien law with similar prehearing seizures unconstitutional. In *Hall v. Garson*, the defendants' agent entered into Hall's apartment and seized a television set to satisfy an arrearage in rent. The defendants relied upon a Texas statute that granted landlords a lien for rent arrearages on tenant's personal property. The statutes allowed the landlord to enforce that lien by peremptory seizure and retention of the property until the rent was paid. *Hall v. Garson*, 468 F. 2d 845, 864 (5th Cir. 1972).

10

In finding the statute unconstitutional, the 5th Circuit stated that the Texas statute was defective because there was "no requirement that the landlord first have the validity or the accuracy of his claim impartially determined, or that a need for immediate seizure be present. Those decisions are left to the operator himself to act upon with no prior opportunity for challenge by the possessor of the property." *Id.* Summarizing its holding in *Fuentes*, the Court stated that "[t]he Court found the constitutional infirmity [for the Florida and Pennsylvania statutes] to be the complete absence of prior notice and opportunity to be heard to the party in possession of the property, and held that such violation of due process could be cured only by providing adequate safeguards at a meaningful time and in a meaningful manner so as to obviate the danger of an unfair or mistaken deprivation of property. *Id.* at 847-48. In the current case, Mississippi law similarly allows for State seizure of personal property without any adjudication concerning the tenant's personal property prior to seizure or after.

4. The Mississippi Supreme Court has already indicated that State authorization of seizures of tenant property without notice and hearing are unconstitutional.

In *Bender v. North Meridian Mobile Home Park,* 636 So. 2d 385 (Miss. 1994), the Mississippi Supreme Court indicated that the attachment for rent statutes that allowed landlords to seize a tenant's personal property without notice and hearing would be unconstitutional if properly challenged.[2] In *Bender,* the defendant landlord locked the tenant out of the rental unit, refused to return the personal property to the tenant, and sold the tenant's property. *Id.* at 386, 387. Because Bender, the tenant, failed to properly raise the constitutionality of Mississippi's attachment for rent statutes, the Mississippi Supreme Court

---

[2] Following *Bender*, the Mississippi legislature amended the attachment for rent statues to require landlords seeking attachment for rent to file a complaint in Justice Court, enter into a bond with sufficient sureties payable to the tenant in a penalty equal to double the sum claimed to be due and conditioned to pay all damages that may be sustained by the tenant plus costs should the landlord wrongfully take the tenant's property.   The attachment for rent statutes were also amended to provide for immediate notice to the tenant when a court officer seizes property in execution of an attachment writ, notifies them that the property will be sold on a date certain in order to satisfy the rent, and allows them to contest the attachment in the Justice Court.

did not directly address their constitutionality. *Id.* at 389. The Court did state, however, that "[i]f the question was properly before the Court, the Court would very likely find the attachment for rent statutes unconstitutional because the statutes fail to provide notice and hearing." *Bender* at 389-390 *citing Mississippi Chemical Corp. v. Chemical Const. Corp.,* 444 F. Supp. 925 (S.C. Miss. 1977) (declared attachment in chancery statutes and attachment at law statutes unconstitutional); *Keelon v. Davis,* 475 F. Supp. 204 (S.D. Miss. 1979) (declared sequestration statutes unconstitutional).

Like the attachment statutes at issue in *Fuentes, Hall, and Bender*, Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 do not provide adequate notice that the State will seize all of the tenant's personal property and do not provide for any hearing regarding the legality of this seizure. The statutes merely revisit old ground that the Mississippi Supreme Court, 5th Circuit Court of Appeals, and United States Supreme Court have already determined is unconstitutional.

5. Mississippi landlords already have access to a legal procedure for collecting judgments without unlawfully seizing tenant property.

There is a procedure in place for landlords to collect money judgments for nonpayment of rent. This procedure adheres to constitutional requirements and is a legal way for landlords to collect money owed to them when tenants default. See Miss. Code Ann. §13-1-261 through §13-1-127 and Mississippi Uniform Rule of Procedure for Justice Court Rule 2.28. Like all judgment creditors, a landlord may, with notice and opportunity for hearing, cause the Sheriff or Constable to seize the personal property of the debtor. See Miss. Code Ann. §11-35-1, §11-39-9, and §11-35-23. The landlord may also garnish the debtor's bank account and wages held by an employer. *Id.* Like all other creditors, landlords and the State must follow procedures that comport with due process in order to collect money judgments from tenants.

   **C.** <u>Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 violate the 4th Amendment to the United States Constitution.</u>

The 4th Amendment protects the right of citizens of the United States to be secure in their persons, houses, papers, and effects, against unreasonable searches or seizures. US Const. Amend. 4. The 4th Amendment states that no warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. *Id.* The 4th Amendment applies to the issuance and execution of the Writ of Removal in this case.

The language of the Warrant in this case commands the Sheriff or Constable to:

> remove (tenant) and all other persons from (leased premises address) and put (owner/landlord) in possession thereof, and of the goods and chattels, in lands and tenements from said judgment rendered on (date) of (tenant) you cause to be made the costs of this suit; and make returnable of your proceedings to the undersigned.

> (See Exhibit B - Warrant of Removal).

The Warrant does not particularly describe "the place to be searched and the persons or things to be seized." It directs the State to exercise discretion in choosing what of the tenant's property the State will use to satisfy the "costs of the suit." In this case, the State seized not only the goods and chattels for the "costs of this suit" but ALL of the contents of Samantha's home. The State appears to justify that seizure under Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45.

Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 try to circumvent the 4th Amendment by deeming "abandoned" all of the tenant's property that is in the rental unit at the time of execution of the Warrant[3] even if the tenant is in actual, physical possession of it. If a person has actually abandoned their personal property, they have no standing to complain of its search or seizure under

---

[3] Specifically, the language of §89-7-31 states that if a tenant has failed to remove any of their personal property from the premises at the time the Warrant of Removal is executed, and the judge has not made some other finding regarding the disposition of any personal property in the vacated premises, the personal property shall be deemed abandoned and may be disposed of by the landlord without further notice or obligation to the tenant.

the 4th Amendment. *Abel v. United States*, 362 U.S. 217, 240-241 (1960). However, "abandoned property" has a particular definition in this context that does not include property that is in a person's actual possession and that the person is actively seeking to keep and protect.

The 9th Circuit examined the definition of "abandoned" property in the case of *United States v. Nordling,* stating that "[a]bandonment is a question of intent. The inquiry should focus on whether, through words, acts or other objective indications, a person has relinquished a reasonable expectation of privacy in the property at the time of the search or seizure. This determination is to be made in light of the totality of the circumstances, and two important factors are denial of ownership and physical relinquishment of the property." *United States v. Nordling*, 804 F.2d 1466 (9th Cir. Cal. November 25, 1986).

It is undisputed that Samantha did not in fact abandon all of her personal belongings. Rather, Samantha demonstrably made every effort and multiple demands to keep the property that was in her possession at the time she was evicted. Samantha had no notice that the warrant of removal was going to be executed on February 20, 2019. Samantha had no advance warning that not if she did not rmove all of her belongings from the property before February 20, 2019 her property would be deemed "abandoned" by her and that the State would then hand it over to her landlord. The constable acted outside of the plain language of the warrant by seizing and then tendering possession of all of Samantha's belongings to the landlord and by refusing to let Samantha remove her belongings when she asked to do so. Sanders violated well-understood 4th Amendment law by conducting this illegal seizure of Samantha's personal property.

### D. Sanders's seizure of Samantha's property without just compensation violated the Takings Clause of the 5th Amendment to the United States Constitution.

The Takings Clause of the 5th Amendment, as applied to the states through the 14th Amendment, guarantees citizens' rights to procedural and substantive due process. The 5th Amendment protects

citizens from deprivations of private property without just compensation. *Knick v. Twp. of Scott,* 138 S. Ct. 1262 (2018). Here, Sanders entered Samantha's home with a Warrant of Removal from the Lowndes County Justice Court. Using Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45 as his authority, he took every item she owned. He did not make an accounting of her property, did not report its value to the court, did not auction the property, and ultimately did not compensate Samantha for the value of her belongings. This is a clear violation of the Takings Clause of the 5th amendment as applied to the States through the 14th Amendment to the U.S. Constitution.

     E. <u>Conclusion</u>

Based on the undisputed facts in the pleadings and as set forth in this Memorandum in Support of Plaintiff Samantha Conner's Motion for Summary Judgment, Samantha has established as a matter of law that Miss. Code Ann. §89-7-31, §89-7-35, §89-7-41, and §89-7-45, as written and as applied in this case, are unconstitutional, that Sanders violated Samantha's constitutionally protected rights to due process, committed an unlawful seizure of her property without warrant, and took her property without compensation. Samantha has also shown that as a matter of law, Brooks, Casteel, and Alltin, L.L.C. unlawfully converted Samantha's personal property after evicting her. Samantha respectfully submits that she is entitled to summary judgment on these issues and asks that the Court grant the relief requested in her Motion for Summary Judgment.

Respectfully submitted this the 24th day of September 2020,

Samantha Conner

By: /s/Desiree C. Hensley
Desiree C. Hensley, MSB No. 102755
Jordan B. Hughes, MSB No. 104476
The University of Mississippi
School of Law
Civil Legal Clinic

P.O. Box 111
Oxford, Mississippi 38655
(202)320-1307 (Desiree)
(662) 701-0979 (Jordan)
(662)915-7447 (fax)
dhensley@olemiss.edu
jbh@olemiss.edu