IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SAMANTHA CONNER**                                                                    **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:20-CV-57-MPM-RP**

**ALLTIN, LLC.; JAMES E. BROOKS;**
**KEVIN CASTEEL; WILLIE A. "SONNY"**
**SANDERS, in his official capacity as the**
**duly elected constable of Lowndes County,**
**and WILLIE A. "SONNY" SANDERS, in**
**his individual capacity**                                                         **DEFENDANTS**

### DEFENDANT WILLIE A. "SONNY" SANDERS' MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO STATE CLAIMS

**COMES NOW**, Defendant WILLIE A. "SONNY" SANDERS, in his official capacity as the duly elected constable of Lowndes County and in his individual capacity, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit his Memorandum of Authorities in Support Motion for Judgment on the Pleadings as to State Law Claims. In support of the same, the movants would show as follows:

### I.    INTRODUCTION

This matter arises out of Plaintiff Samantha Conner's eviction pursuant to a Lowndes County Justice Court judgment and warrant of removal. *See* Plaintiff's Second Amended Complaint **[Doc. 51]** *generally*. Plaintiff asserts claims against, among others, the movant. *Id*. Plaintiff asserts both state law and federal law claims. This motion pertains only to Plaintiff's state law claims.

### II.    REVELANT BACKGROUND FACTS

In her Second Amended Complaint, Plaintiff Samantha Conner ("Conner") contends that in November 2016, she and Defendant ALLTIN entered into a residential rental contract. *See*

Second Amended Complaint **[Doc. 51]** ¶9. According to Conner, on January 25, 2019, ALLTIN's property manager sued her in justice court for "unpaid rent and for possession of the premises." *Id*. at ¶16. Subsequently, at the trial, "the Lowndes County Justice Court entered a judgment against [Conner] … in the amount of $926.00, which she has not yet paid . . . ." *Id.* at ¶18.

Next, on February 20, 2019, the Lowndes County Justice Court issued a warrant of removal, which ordered an officer of Lowndes County to remove [Conner] from the premises. *Id*. at ¶22. Defendant Willie A. "Sonny" Sanders ("Constable Sanders") executed this warrant of removal. *Id*. at ¶ 23. While executing the warrant, Constable Sanders refused to let Conner remove her personal property from the ALLTIN property. *Id.* at ¶ 31. According to Conner, Constable Sanders forcibly blocked her from leaving the premises with her personal property and directed her to hand it over to the ALLTIN Defendants. *Id*. at ¶ 33.

Likewise, Conner alleges that Constable Sanders, individually and in his official capacity, refused to protect Conner's property rights and used his authority as an officer of Lowndes County to deprive her of her personal property. *Id.* at ¶ 34. Conner charged that, as the Lowndes County Constable, Sanders is charged with knowing and enforcing the U.S. Constitution. *Id.* at ¶ 35. Also, that as an individual, he should have known that his refusal to allow Conner to remove her property violated her fundamental property rights. *Id.* at ¶ 36.

### III. STATE LAW CLAIMS

Conner asserts state law claims for (1) conversion; (2) invasion of privacy; and (3) negligent infliction of emotional distress.

### IV. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion as a responsive pleading has already been filed. *See, e.g., Jones v. Greninger,* 188 F. 3d 322, 324 (5th Cir.1999);

*Robertson v. Mullins*, 2:12CV57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same).

The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive Constable Sanders' Motion, Conner's Second Amended Complaint must provide the grounds for entitlement to relief— including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The Second Amended Complaint must allege sufficient factual matter "to state a claim that is plausible on its face." *Thombly,* 550 U.S. at 570. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S.Ct. at 1966 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 234)(quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953)). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

## V. ARGUMENT

As this Court is well aware, state law claims against a governmental entity and its employees acting in the course and scope of their employment are exclusively governed by the Mississippi Tort Claims Act ("MTCA"). *Miss. Code Ann*. § 11-46-1 *et seq.*; *Little v. Miss. Dept. of Transp.*, 129 So.3d 132, 136 (Miss. 2013). While the MTCA amounts to a general waiver of

sovereign immunity, it contains a number of restrictions, limitations and immunities. *Id*. Several such restrictions and immunities apply here to bar Conner's claims.

### A. Conner's Claims are Procedurally Barred.

All of Conner's state law claims are procedurally barred as she never gave notice pursuant to *Miss. Code Ann*. §11-46-11. Therefore, all the claims must be dismissed. For Conner's state law claims, the Mississippi Tort Claims Act governs. *See* Miss. Code Ann. § 11-46-7. It states "[t]he remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action . . . notwithstanding the provisions of any other law to the contrary." *Miss. Code Ann*. §11-46-7(1). "An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." *Miss. Code Ann*. § 11-46-7 (Rev. 2012). However, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation[.]" *Miss. Code Ann*. § 11-46-5(2) (Rev. 2012).

Under *Miss. Code Ann* §11-46-11 (1), Conner was required to give Constable Sanders notice of *all* her state law claims against him in his official capacity. Because "[Conner] failed to comply with the MTCA's statutory notice requirements" this court should dismiss all her state law claims against Constable Sanders in his official capacity. *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1223 (Miss. Ct. App. 2019); s*ee* Second Amended Complaint **[Doc. 51]** *generally*.

Additionally, "an action against a government employee in his individual capacity may be subject to notice of claim requirements if the act complained of occurred within the scope and

4

course of his employment[.]" *Springer v. Ausbern Constr. Co.*, 231 So. 3d 980, 985 (Miss. 2017) ( quoting *McGehee v. Depoyster*, 708 So. 2d 77, 80 (Miss. 1998)). In other words, unless the employee's "conduct constituted fraud, malice, libel, slander, defamation" the individual capacity state law claims are also subject to the notice requirement. *Miss. Code Ann*. § 11-46-5(2) (Rev. 2012).

Looking at Conner's claims, two require pre-suit notice to an individual defendant. *See* Second Amended Complaint **[Doc. 51]** ¶77-106. Conversion is an intentional tort that does not require proof of fraud, malice, libel, slander, or defamation. *See Cmty. Bank of Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 783 (Miss. 2004). Thus, conversion is subject to the Mississippi Tort Claims Act, so pre-suit notice to the governmental entity of such a claim is required. *See Zumwalt v. Jones Co. Bd. of Supervisors*, 19 So. 3d 672, 689 (Miss. 2009)(citing *Miss. Code. Ann*. § 11-46-11 (Rev. 2002)). Finally, unlike intentional infliction of emotional distress, which would not require pre-suit notice, negligent infliction of emotional distress does not require willful or wanton action by the defendant. *See Alston v. Miss. Dep't of Empl. Sec*., 2020 Miss. App. LEXIS 394 *10 (June 23, 2020 Miss. Ct. App.). Negligent infliction of emotional distress also requires notice. Therefore, these claims should also be dismissed for Conner's failure to give pre-suit notice of the same.

### B.  Constable Sanders' Individual Capacity Claims Should be Dismissed.

Even without the procedural bar, Conner's individual claims against Constable Sanders are barred. Individual claims are barred by the MTCA. Section 11-46-7(2) of the MTCA specifically provides that individual officers acting in the course and scope of their employment are entitled to immunity in their individual capacities. *Miss. Code Ann*. § 11-46-7(2). As pled in the Second Amended Complaint, at all times, Constable Sanders was acting as in the course and scope of his

employment at all times relevant to the incident in question and, as such, he can have no liability in his individual capacity."[1] *See* Second Amended Complaint **[Doc. 51]** at ¶23-36. Therefore, the claims against Constable Sanders in his individual capacity must be dismissed.

Looking at the allegations in Conner's Second Amended Complaint, and accepting them as true, illustrates why this must be so. Conner explicitly states that "[o]n February 20, 2019, Constable Sanders executed the warrant of removal." *Id.* at ¶ 23. Next Conner admits that "Constable Sanders *was there to execute the warrant of removal* and to keep the peace . . . ." *Id.* at ¶ 31 (emphasis added). Finally, Constable Sanders "seized all of [Conner's] personal property, *acting pursuant* to *Miss. Code Ann*. §89-7-31, §89-7-35, §89-7-41, and §89-7-45."[2] *Id.* at ¶ 32 (emphasis added). *See Miss. Code Ann*. § 11-46-9 (1)(a).

### 1. Conner's Individual Liability Claim for Conversion Must Fail.

As Conner notes, conversion is defined as the "wrongful possession disposition of another's property as if it was their own." *Spearman v. State*, 80 So. 3d 116, 121 (Miss. Ct. App. 2001). The Mississippi Supreme Court has held that in order to maintain an action for conversion, there must have been, on the part of the defendant, some unlawful assumption of dominion over the personal property involved, in defiance or exclusion of the plaintiff's rights, or else a withholding of the possession under a claim of right or title inconsistent with that of plaintiff. *First Investors Corp. v. Rayner*, 738 So. 2d 228, 234-35 (Miss. 1999) (internal citations omitted).

At the first turn, it is not "plausible on its face" to state that there was an "*unlawful* assumption of dominion over the personal property*" of Conner by Sanders when everything

---

[1] While there is no doubt that Constable Sanders was acting in the course and scope of his employment in this matter; it is worth noting that he is entitled to a rebuttable presumption of the same under the MTCA, *Miss. Code. Ann*. § 11-46-5(3).
[2] These are the same Mississippi Code Sections that Plaintiff asks that this Court declare unconstitutional. Meaning, at the time that Constable Sanders was acting pursuant to them they were, clearly, valid and constitutional.

Constable Sanders did was pursuant to a valid Justice Court Judgment and Warrant of Removal. At no time does Conner allege that Constable Sanders acted outside of the Judgment, Warrant, or Mississippi Codes.

Further, she makes no allegations of how Sanders, acting in his individual capacity, converted any of her property. At most, Conner alleges that "as a reasonable person with knowledge of basic property ownership rights, Constable Sanders, individually, knew or should have known that his refusal to allow [Conner] to remove her personal property violated [Conner's] fundamental property rights." But this "threadbare allegation" is not enough to overcome her burden, nor is it true. A "reasonable person" would know that he had to obey a duly issued Court Order and Warrant. Conner has pled no facts to the contrary.

### 2. Conner's Individual Liability Claim for Invasion of Privacy Must Fail.

Taking the allegations in her Second Amended Complaint as true, Conner has failed to state a claim for relief against Constable Sanders on this claim. While Conner does not identify which of the four types of invasion of privacy she is suing under, she states the following: "Defendants intentionally intruded on Samantha's privacy by refusing to return her personal documents to her." Second Amended Complaint **[Doc.51]** at ¶92. Additionally, she alleges that "Defendants refused [her] request to return her personal documents" and "used [her] personal information . . . and used it to access her personal email and other personal accounts." *Id.* at ¶93-94.

If these are her allegations, these do not apply to Constable Sanders. As according to Conner, "Constable Sanders . . .directed her to hand her property over to Defendants." *Id.* at ¶ 33. Next, while she alleges that Sanders "deprive[d] her of her of her personal property," *id*. at ¶ 34, she alleges that "the items seized by Constable Sanders" were "retained by the [other] Defendants".

*Id.* at ¶37. Accordingly, based on her own allegations, the invasion of privacy tort is not being alleged against Constable Sanders as, according to Conner, he took her personal items and either handed them over himself or directed her to hand them over to the other Defendants.

### 3. Conner's Individual Liability Claim for Negligent Infliction of Emotional Distress Claim Must Fail.

Again, taking the allegations in her Second Amended Complaint as true, Conner has failed to state a claim for relief against Constable Sanders on this claim as well. Conner alleges that "Defendants intentionally retained [her] property which she had not abandoned." *Id.* at ¶ 100. Moreover, "Defendants willfully and wantonly refused to return [her] property to her, including essential property, such as private care in evicting [Conner]." *Id.* at ¶ 102. But, as noted above, Conner clearly states that Constable Sanders never kept possession of her personal property. *Id.* at ¶33-38. According to Conner, he handed it over to the other Defendants, and they retained it. *Id.* at ¶37. As such, Constable Sanders could not have "willfully and wantonly" refused to give it to her. *Id.* at ¶ 102.

Next, Conner alleges that the Defendants had a duty to use "reasonable care" in evicting her. *Id.* at ¶ 103. Their breach of this, by use of "force and threats and the color of law" was the actual and proximate cause of her distress. *Id.* at ¶ 103-104. But, again, this goes against Conner's own pleadings. Conner explicitly states that "[o]n February 20, 2019, Constable Sanders executed the warrant of removal." *Id.* at ¶ 23. Next Conner admits that "Constable Sanders *was there to execute the warrant of removal* and to keep the peace . . . ." *Id.* at ¶ 31 (emphasis added). Finally, Constable Sanders "seized all of [Conner's] personal property, *acting pursuant* to *Miss. Code Ann.* §89-7-31, §89-7-35, §89-7-41, and §89-7-45."[3] *Id.* at ¶ 32 (emphasis added).

---

[3] These are the same Mississippi Code Sections that Plaintiff asks that this Court declare unconstitutional. Meaning, at the time that Constable Sanders was acting pursuant to them they were, clearly, valid and constitutional.

As such, 1) none of these allegations apply to Sanders as an individual and 2) none of these allegations "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). Here, Conner explicitly states, time and again, that Constable Sanders was acting in his role as Constable. Moreover, he did use "reasonable care" in evicting her, as he did so pursuant to a valid Justice Court Order, Justice Court Warrant, and Mississippi Codes. Conner has failed to allege sufficient factual allegations to make this claim plausible on its face.

### C. Constable Sanders' Official Capacity Claims Should be Dismissed.

Again, all of Conner's official capacity claims should be dismissed for her failure to give notice of the same. *See Miss. Code Ann*. §11-46-11. If, somehow, she manages to escape this fatal flaw, the claims should be dismissed regardless.

#### 1. Conner's Official Capacity Claim for Conversion Must Fail.

Conner's official capacity claims for conversion are no different than her individual capacity claim for conversion. At no time, does Conner allege that Constable Sanders acted outside of the Judgment, Warrant, or Mississippi Codes. And in his official capacity, the MTCA states that an employee acting within the course and scope of his duty cannot be held liable for any claim "[a]rising out of a . . . judicial action". *Miss. Code Ann*. § 11-46-9(a). *See e.g. B. G. v. Banks*, 2020 Miss. Ct. App. LEXIS 400 *11 (July 28, 2020) (holding the county employees were immune as they were acting under the authority of a judicial order when they arrested and detained the plaintiff); *see also Blake v. Wilson*, 962 So. 2d 705, 712 (Miss. 2007) (holding police officer's enforcement of a judicial custody order entitled them to immunity under Section 11-46-9(1)(a)). In *Gatheright v. Barbour*, No. 3:16-cv-00003-GHD-RP, 2017 U.S. Dist. LEXIS 18158, 2017 WL 549110, at *8 (N.D. Miss. Feb. 7, 2017), this Court held that a detective's enforcement of

a warrant was "conduct arising out of a judicial action," entitling him to judicial action immunity under Section 11-46-9(1)(a). As such, Conner's claim fails on its face.

### 2. Conner's Official Capacity Claim for Invasion of Privacy Must Fail.

Conner cannot have it both ways. Either she was required to give notice on this claim, if it was against Constable Sanders in his official capacity, or she was not, if it was against him in his individual capacity. *See Miss. Code Ann*. § 11-46-5(2) (Rev. 2019); *Miss. Code Ann*. § 11-46-7(2) (Rev. 2019); *Miss. Code Ann*. § 11-46-11. Here, because she failed to give notice of this claim against him in his official capacity, it must fail. *See Mark v. Cty of Hattiesburg*, 289 So. 3d 294, 296 (Miss. 2020).

### 3. Conner's Official Capacity Claim for Negligent Infliction of Emotional Distress Must Fail.

Finally, Conner contends that she suffered a negligent infliction of emotional distress because of her eviction and Constable Sanders' actions related to the same. Second Amended Complaint **[Doc. 51]** at ¶100-106.

This claim against Constable Sanders, officially, is barred by the Law Enforcement Function Exemption of the MTCA. *Miss. Code Ann*. § 11-46-9(1)(c). Section 11-46-9(1)(c) of the MTCA provides as follows:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> (c) rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

*Miss. Code Ann*. § 11-46-9(1)(c). Importantly, "the plaintiff has the burden of proving reckless disregard by a preponderance of the evidence." *Hinds County v. Burton*, 187 So.3d 1016, 1020 (Miss. 2016).

Reckless disregard "requires more than a showing of **mere negligence**." *Bonner v. McCormick*, 827 So. 2d 39, 41 (Miss. Ct. App. 2002)(emphasis added). Furthermore, reckless disregard is "a higher standard than gross negligence[.]" *City of Jackson v. Shavers*, 97 So.3d 686, 688 (Miss. 2012). The Mississippi Supreme Court has explained that "[r]eckless disregard usually is accompanied by a conscious indifference to consequences amounting almost to a willingness that harm should follow." *Maye v. Pearl River County*, 758 So. 2d 391, 394 (Miss. 1999)(emphasis added). The Court has further explained that "reckless disregard embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Turner v. Ruleville*, 735 So. 2d 226, 230 (Miss. 1999) (emphasis added); see also, *Foster v. Noel*, 715 So. 2d 174 (Miss. 1998)(holding that willfulness and wantonness include an element of "intent to harm").

On its face, Conner's claim for negligent infliction of emotional distress is a negligence - based claim and does not overcome the "reckless disregard" standard of the Law Enforcement Function Exemption. This claim is, therefore, barred.

This claim is also barred because, as noted extensively above, Conner's allegations about her eviction and resulting emotional distress, as they relate to Constable Sanders, all relate to him acting within the purview of the Justice Court Judgment and Warrant. As such, he cannot be held liable for any claim "[a]rising out of a . . . judicial action". *Miss. Code Ann*. § 11-46-9(a). See Section III. A, *supra*. As such, Conner's claim fails on its face.

Based on the foregoing, Constable Sanders, individually, and in his official capacity, requests that this Court dismiss the state law claims against him.

**WHEREFORE, PREMISES CONSIDERED,** WILLIE A. "SONNY" SANDERS, in his official capacity as the duly elected constable of Lowndes County and in his individual capacity, prays that the Court dismiss the state law claims in Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. Proc. 12(c ).

**RESPECTFULLY SUBMITTED** this the 2nd day of October 2020.

                                                    **JACKS |GRIFFITH |LUCIANO, P.A.**

By:   /s/ ***Bethany A. Tarpley***
        Daniel J. Griffith, MS Bar No. 8366
        Bethany A. Tarpley, MS Bar No. 104134
        Attorney for Defendant Sanders

Of Counsel:

**JACKS |GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com
       Btarpley@jlpalaw.com

Timothy C. Hudson, Esq.
Board Attorney
Sims and Sims, LLC
P.O. Box 648
Columbus, MS 39703
Phone: (662) 328-2711 ext. 101
Fax: (662) 328-0745
Email: Thudson.simsandsims@yahoo.com

## CERTIFICATE OF SERVICE

I, Bethany A. Tarpley, attorney of record for Defendant Sanders, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities in Support of Motion to Dismiss State Law Claims* to be delivered by the ECF Filing System which gave notice to the following:

>Desiree Hensely, Esq.
>Suzette Wafford-Turner, Student Attorney
>Taylor Story, Student Attorney
>The University of Mississippi School of Law
>Civil Legal Clinic
>P.O. Box 111
>Oxford, MS 38655
>Phone: (662) 915-6896
>Email: dhensley@olemiss.edu
>**Attorneys for Plaintiff**
>
>Jack Hayes, Jr., Esq.
>Stone & Hayes
>P.O. Box 166
>Columbus, MS 39703
>Phone: (662) 328-5021
>Email: jack@stoneandhayes.com
>**Attorney for Alltin, LLC, James E. Brooks, and Kevin Casteel**

**DATED** this 2nd day of October, 2020.

>/s/ ***Bethany A. Tarpley***
>Bethany A. Tarpley