**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SAMANTHA CONNER**                                                      **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 3:20-CV-057-MPM-RP**

**ALLTIN, LLC, et al.**                                           **DEFENDANTS**

**ORDER**

Plaintiff has filed an Amended Complaint in this case in which she challenges the constitutionality of additional statutes, above and beyond the ones which this court addressed in its prior order certifying constitutional questions. Pursuant to Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(b), this Court hereby certifies to the Attorney General of Mississippi that Mississippi Code §89-7-31, §89-7-35, §89-7-41, and §89-7-45 are statutes affecting the public interest that have been called into question by the plaintiff in this case. The Attorney General may intervene to present evidence, if appropriate, or arguments defending the constitutionality of these state statutes. *See* 28 U.S.C. § 2403(b). A copy of this Order shall be mailed to the Attorney General at P.O. Box 220, Jackson, MS 39205-0220.

This court further notes that plaintiff very recently filed a motion for summary judgment, to which defendants have not yet responded. This court concludes that, given that the discovery deadline in this case does not expire until May 28, 2021, and given that it is only now giving the Attorney General this amended notice of constitutional claims and opportunity to present evidence, it should at least give him an opportunity to conduct discovery regarding these constitutional claims before considering any motions for summary judgment. This is particularly true considering that, as discussed below, plaintiff asserts numerous facts in her motion for summary judgment as to which she provides no record citations, presumably because there has been

1

insufficient discovery to produce a record in this case. Bare assertions of fact are improper in the summary judgment context, and this court will therefore dismiss plaintiff's motion for summary judgment without prejudice to re-filing once discovery in this case has been completed. This court will likewise dismiss the motions to dismiss filed by defendant Lowndes County Constable Sonny Sanders, since it concludes that discovery would also be helpful in considering the question of his liability in this case.

The additional discovery and briefing will also give the parties an opportunity to present information and arguments which this court regards as helpful to its consideration of this case but which are lacking in the current submissions. First, this court concludes that its consideration of these matters would be assisted by information regarding how eviction statutes in other states deal with the very common situation presented in this case, namely the disposition of personal property when a tenant is evicted. This court's initial review of plaintiff's motion gives it very serious concerns regarding the manner in which her personal property was handled in this case, particularly since the statutory notice with which she was provided did not make it clear that she would irrevocably and permanently lose all rights in any personal property which was still remaining on the premises at the time of eviction. *See* Miss Code Ann. § 89-7-31(2). In so stating, the court notes that the statutory notice in this case provided that:

> IF THE JUDGE GRANTS POSSESSION OF THIS PREMISES TO THE LANDLORD AND YOU DO NOT REMOVE YOUR PERSONAL PROPERTY, INCLUDING ANY MANUAFACTURED HOME, FROM THE PREMISES BEFORE THE DATE AND TIME ORDERED BY THE JUDGE, THEN THE LANDLORD MAY DISPOSE OF YOUR PERSONAL PROPERTY WITHOUT ANY FURTHER LEGAL ACTION.

*Id.*

This court is inclined to conclude that, while this language may give a tenant reason to believe that her property would, for example, be placed on a curbside, it does not give her notice

that it would, in effect, become the personal property of the landlord. As discussed below, that is how plaintiff's property was essentially treated in this case. While the Mississippi statutes do not explicitly grant the landlord ownership of the tenant's personal property which is not removed prior to eviction, that is, arguably, their effect in this context, since the tenant is given no legal rights to oppose the "dispos[ition]" of her property. This court therefore has serious doubts regarding the constitutionality of § 89-7-31(2). This court likewise wonders whether the statutory assumption that property has been "abandoned" based upon the tenant's failure to remove it after being provided with the notice set forth in § 89-7-31(2) can withstand constitutional scrutiny. *See* Miss. Code Ann. §§ 89-7-35(2), 89-7-41(2).[1]

This court's initial inclination is thus to harbor doubts about the constitutionality of the Mississippi statutory scheme at issue in this case, but it is possible that these doubts could be assuaged if defendants are able to cite similar statutes in other states which have been held constitutional. If, on the other hand, defendants are able to offer no such authority, and plaintiff is able to cite statutes in other states which provide greater protection to the property rights of tenants during evictions, then this would tend to strengthen this court's initial doubts regarding the constitutionality of Mississippi's statutory scheme in this context. In any event, this court regards eviction statutes from other states as constituting important information in this case, and it requests that the parties provide that information in their revised briefing following discovery.

The second issue which this court would like for the parties to address in their revised briefing involves the question of, assuming that it finds some or all of the Mississippi statutes in

---

[1] Plaintiff also argues that Miss. Code Ann. § 89-7-45 is unconstitutional, but the alleged defect in this statute is less clear to this court. Plaintiff contends in her brief that this statute deems property "abandoned," [brief at 13], but this court sees no such language in the statute. This court directs that, in her revised briefing, plaintiff specifically state the language in this statute which she deems constitutionally defective.

3

question to be unconstitutional, what authority supports holding the defendants in this case liable to the extent that they acted pursuant to a statutory scheme which had not been held unconstitutional at the time of their actions? This court regards this as a particularly important question with regard to the federal claims asserted against Sanders in his individual capacity, since these are the subject of a qualified immunity defense which he has asserted. To overcome a qualified immunity defense, a plaintiff must demonstrate, among other things, that the defendant's "conduct was objectively unreasonable in light of clearly established law at the time of the incident." *Waltman v. Payne,* 535 F.3d 342, 346 (5th Cir. 2008). Moreover, the U.S. Supreme Court has stressed that a plaintiff's burden of demonstrating that a defendant violated "clearly established law" requires not a citation to generalized principles of law, but, rather, specific authority which "placed the statutory or constitutional question" confronted by the official "beyond debate." *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023, 188 L.Ed.2d 1056 (2014).

This court wonders whether plaintiff will be able to offer sufficiently specific authority to overcome Sanders' qualified immunity defense if, in conducting the eviction in this case, he was simply carrying out the provisions of Mississippi statutes which had not been held unconstitutional at the time of his actions. This is particularly true considering that, as noted by Sanders in his briefing, he was acting pursuant to an order by a Lowndes County Justice Court Judge. [Brief at 6]. At the same time, this court emphasizes that it is not prepared to form any firm conclusions regarding the facts of this case until discovery has been completed. In so stating, this court notes that plaintiff alleges in her Second Amended Complaint that:

> 43. Upon information and belief, Defendants obtained access to Samantha's most personal information that was included in her private papers and then used it to gain access to Samantha's private email, online banking accounts, and other accounts, thereby intentionally invading her personal privacy.

4

> 44. Defendants gained access to Samantha's personal accounts, changed her passwords, and otherwise caused her accounts to be inaccessible and closed to her.

[Second amended complaint at 7].

These allegations arguably go well beyond what even Mississippi's eviction statutes allow, and this court regards these as matters as to which discovery should be conducted before it rules upon any dispositive motions in this case. Indeed, this court notes that the Second Amended Complaint makes these allegations against "defendants," and it is not clear to which defendants plaintiff is referring. Thus, while this court is inclined, at this juncture, to dismiss Sanders from this case to the extent that he was merely acting pursuant to Mississippi statutes and/or orders from a Mississippi judge, it concludes that discovery should be conducted to determine whether there are fact issues regarding whether he committed unlawful acts which were not authorized by relevant statutes or court orders.[2] While it may prove that Sanders was merely doing what the law and/or a court order required of him, this court is not prepared to say that this is the case prior to the completion of discovery.

As a final note, this court observes that, while it has expressed serious concerns regarding the constitutionality of certain Mississippi statutes in this order, these are merely tentative first impressions. Declaring a statute unconstitutional is a step which this court does not take lightly, and it intends to proceed deliberately and carefully in this case, including by considering the supplemental briefing requested in this order and any relevant discovery. At the same time, this court encourages the Mississippi Legislature to consider, even before this court's final ruling on the constitutional issues in this case, whether the previously-discussed Mississippi statutes are the

---

[2] Even in that scenario, however, plaintiff would need to demonstrate that Sanders violated "clearly established" federal appellate precedent in order to survive the qualified immunity motion which he raises with regard to the federal claims asserted against him personally.

5

best this state can offer in this context. In so stating, this court notes that plaintiff alleges in her brief as follows:

> The next day, February 20, 2019, Constable Sanders executed the Warrant. He and Casteel went to Samantha's apartment together and demanded that she leave. Samantha tried to gather what belongings she could carry but Casteel and Constable Sanders refused to allow her to remove anything -- even her most personal possessions like birth certificates, diplomas, social security cards, bank statements, medical records, old family photos, keepsakes, identifying documents, clothing, shoes, or toys. Casteel and Constable Sanders refused to let her change out of her pajamas or to pack clothes to take with her. Casteel and Constable Sanders would not allow her to take her laptop or her son's school issued laptop. Casteel and Constable Sanders took every earthly possession that held a memory for Samantha and her son, almost all of which would have been exempt from execution as a matter of law. Her son was not allowed to pack up his school books, football uniform, or Play Station which he had purchased with his own hard-earned money from working after school. Casteel and Constable Sanders refused to allow Samantha to take prescription medications she needed for serious illnesses. She left with nothing. Even the comfort of her son's presence was taken from her since he had to live with a relative while Samantha tried for months to piece her life back together. She began by contacting legal services in an attempt to recover what was taken from her.

[Plaintiff's brief at 7].

The above passage lacks the record citations which this court expects from factual assertions in a summary judgment brief, presumably because there has been very little discovery conducted in this case. This further strengthens this court's conclusion that it should wait until the completion of discovery before considering any dispositive motions in this case. Suffice it to say, however, that if the facts developed in discovery bear out the allegations quoted above, then it would raise very serious questions about the fairness, and quite possibly the constitutionality, of the previously-discussed Mississippi statutes. That being the case, this court believes that the Legislature would be well advised to consider amending the statutes in question to provide clearer and more reasonable procedures for evictions. This court can discern no reason why the

6

Legislature would need to wait for the completion of this litigation to begin considering these issues, and it encourages it to do so.

It is therefore ordered that 1) the Attorney General is hereby advised of the pending constitutional claims; 2) plaintiff's motion for summary judgment [67-1] and Sanders' motions for judgment on the pleadings [70-1, 72-1] are **DISMISSED WITHOUT PREJUDICE** to be re-filed once the Attorney General, and all other defendants, have been given a full opportunity to conduct discovery regarding them; 3) Sanders' motion to stay [74] is **DENIED**[3]; and 4) both Sanders' and the Attorney General's motions for extension of time to file a response to plaintiff's motion for summary judgment [75, 76] are **DISMISSED AS MOOT**.

This 7th day of October, 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[3] Sanders requested a stay of this case pending the resolution of his motions to dismiss. Even assuming that this court eventually grants Sanders' motion for qualified immunity as to the federal claims asserted against him in his individual capacity, it notes that he has other federal and state claims asserted against him which are not the subject of a qualified immunity motion. This court therefore does not regard a stay as necessary or helpful, since there are many other issues raised in this case which would be unnecessarily delayed as well. This court also considers it possible that information raised in discovery will be relevant to Sanders' qualified immunity motion.