IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SAMANTHA CONNER**                                               **PLAINTIFF**

**vs.**                                                        **CIVIL ACTION NO. 3:20-CV-057-MPM-RP**

**ALLTIN, LLC, JAMES E. BROOKS, KEVIN CASTEEL,
WILLIE A. "SONNY" SANDERS, IN HIS OFFICIAL
CAPACITY AS THE DULY ELECTED CONSTABLE OF
LOWNDES COUNTY, AND WILLIE A. "SONNY"
SANDERS IN HIS INDIVIDUAL CAPACITY**                      **DEFENDANTS**

**ORDER**

On December 16, 2021, the Mississippi Attorney General (AG) notified this court that she would not be pursuing the interlocutory appeal which it had certified in its November 30, 2021, order declaring certain Mississippi eviction statutes unconstitutional. In expressing her intent in this regard, the AG wrote that it was her "understanding that outside interest groups and/or other individuals may pursue legislative changes to the current eviction statutes in the legislative session commencing January 4, 2022" and that "this Court has on several occasions encouraged the Mississippi Legislature to pursue a legislative remedy here." [AG's notice at 1]. The AG is correct that this court has strongly urged the Legislature to revise the eviction statutes in question, and it is encouraged by her suggestion that this may come to pass in the upcoming legislative session.

While this court believes that the AG's decision not to pursue an interlocutory appeal may provide additional incentive for the Legislature to act responsibly in this regard, that decision also raises questions regarding the stay pending appeal which was part of its November 30 order. [Slip op. at 41]. In its order issuing the stay, this court wrote that "[i]n the court's view, there would likely be serious disruptions to the housing market in this state if Mississippi's eviction statutes were declared unconstitutional without the Legislature having been given a full opportunity to pass revised statutes." [*Id.* at 41, footnote 12].

This court still has the same concern today, and it is therefore inclined to keep the previously-entered stay in effect for such a period of time as will allow the Legislature, acting with all deliberate speed, to pass revised eviction statutes. While this court is fully prepared to lift the stay even before the Legislature has made such revisions, it considers it proper to first give it a fair opportunity to act in this regard. However, the question remains exactly how long a period of time will suffice in this regard. This court is not without its own legislative experience to call upon in making a determination in this regard, but it believes it proper to also give all the parties, as well as *amicus* counsel, an opportunity to provide their own input on this issue. This court will therefore give the parties until Friday, December 31, 2021, to submit any arguments which they might have on the proper timing of the lifting of the stay in this case.

It is therefore ordered that the parties, as well as *amicus* counsel, shall have until December 31, 2021, to submit any briefing on the issue of the lifting of the stay previously entered in this case.

This, the 20th day of December, 2021.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI