IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SAMANTHA CONNER                                                    PLAINTIFF

V.                                         CIVIL ACTION NO. 3:20-CV-057-MPM-RP

ALLTIN, LLC, et al.                                                DEFENDANTS

**ORDER**

Plaintiff has filed a rather unorthodox motion in which she seeks "clarification" as to whether this court, in its November 30, 2021 summary judgment order, actually intended to dismiss all claims asserted against Constable Sanders in this case. This court believes that it made clear that it was, in fact, dismissing all such claims, and plaintiff's motion will therefore be denied.

In her motion, plaintiff writes that:

> Samantha reads the Order as having granted Constable Sanders immunity from suit regarding her claims for damages arising under 42 U.S.C §1983. Samantha does now, however, read the Order as fully considering or disposing of her claim made pursuant to the 5th Amendment to the United States Constitution as applied to the States through the 14th Amendment for the value of her property that was taken by Constable Sanders during her removal.

[Motion at 1]. In suggesting that this court's dismissal of all § 1983 claims against Sanders might somehow leave a federal constitutional takings claim intact, plaintiff misapprehends the nature of the § 1983 remedy. Indeed, it is well established in federal practice that § 1983 *is* the statutory vehicle through which plaintiffs may

1

seek to recover against individuals acting "under color of state law" for violations of the U.S. Constitution. That being the case, this court's dismissal, which plaintiff concedes, of all § 1983 claims against Officer Sanders necessarily disposed of all of her constitutional claims against this defendant. In her motion, plaintiff cites no authority suggesting that a 5th/14th amendment takings claim is somehow exempt from the general requirement that federal constitutional claims be asserted pursuant to § 1983, and this court is unaware of any such authority. In so stating, this court notes that extensive and stringent U.S. Supreme Court precedent exists regarding recovery under § 1983, *see e.g. Monell v. Department of Social Services,* 436 U.S. 658 (1978), and if takings claims were held to somehow be immune from this authority, then this would render such claims far easier to assert than other federal constitutional claims. This court is aware of no reason to suspect that this was, or is, the U.S. Supreme Court's intent.

These considerations aside, this court believes that it made it abundantly clear in its November 30 order that it was dismissing plaintiff's federal takings claim against Constable Sanders. Indeed, as to plaintiff's claims against Sanders personally, this court made it clear in its order that the fact that the state court judge specifically ordered him to seize plaintiff's property removed the possibility of any recovery against him in this context. Specifically, this court wrote that:

> In the court's view, the most important factor supporting Sanders' qualified immunity motion lies in the fact that, although he lacked a Judgment of

> Possession from the Justice Court, he did have a Warrant of Removal from that court which specifically ordered "the Sheriff or Constable" of Lowndes County to "remove" plaintiff "and the goods and chattels" therein from the apartment. [Docket entry 119-8]. This court emphasizes that this was an outright *order* from the Justice Court to Sanders as Constable, and, under these circumstances, it is entirely understandable that he would have interpreted it as leaving him little choice but to evict plaintiff and to seize her property.

[Order at 37]. It is difficult for this court to discern how plaintiff might harbor doubts as to whether it intended to allow a takings claim against Sanders to survive when it emphasized that he had been specifically ordered by a state court judge to seize "the goods and chattels" in her apartment. This fact aside, this court granted Constable Sanders' qualified immunity motion without reservation or qualification,[1] and, in her motion, plaintiff cites no language whatsoever in its order even hinting that this ruling did not apply to her takings claim.

As to plaintiff's official capacity claims against Constable Sanders, i.e. against Lowndes County itself, this court made it clear in its November 30 order that the *Monell* doctrine provided a complete defense to any § 1983 claims against it in this context. Specifically, this court wrote that:

> [P]laintiff herself notes that "the constables in Lowndes County work independently of each other, each setting their own policies and methods of execution." In the court's view, this provides a very poor argument that these constables should be regarded as final policymakers for the County, since it makes no sense to assert that a municipality could simultaneously have multiple, often contradictory, policies relating to the manner in which evictions are carried out. In addition, while Sanders does, in fact, routinely

---

[1] See order at 38, writing that Sanders' "qualified immunity motion will therefore be sustained."

> carry out evictions in Lowndes County, the unique fact of this case is that the Justice Court improperly failed to enter a Judgment of Possession prior to eviction. Thus, Sanders' actions in dealing with the specific and unique situation which arose in this case cannot be regarded as "so common and well settled as to constitute [his] custom as Constable that fairly represents Lowndes County policy," and his motion to dismiss the official capacity claims against him will therefore be granted.

[Order at 39-40].

This court thus plainly dismissed *all* official capacity claims against Sanders pursuant to *Monell*, and it is difficult to discern what might need further "clarification" in this regard. In so stating, this court notes that plaintiff herself conceded in her summary briefing that *Monell*'s "custom or policy" requirement applied to her federal claims, admitting that to hold Sanders liable in his official capacity "a plaintiff must demonstrate that a county 'policy' was the 'moving force' behind the constitutional violation." [Docket entry 128 at 9]. That is the *Monell* doctrine, and plaintiff's brief conceded that it was the governing law, with no suggestion that takings claims are somehow immune from it. *Id.* This court is aware of no such authority either, and it believes that its rulings, quoted above, made it clear that it was dismissing all claims asserted against Constable Sanders in either his personal or official capacities.

In light of the foregoing, plaintiff's motion to clarify will be denied, and this court strongly encourages her to show greater discretion in filing any future motions with it. Indeed, this court seriously considered awarding Sanders

4

attorneys' fees for his expenses in responding to this motion, and it will likely do so if any future attempts are made to force him to unnecessarily re-fight, at the district court level, battles which he has already won in this case.

In light of the foregoing, plaintiff's motion for clarification is denied.

This, the 3rd day of August, 2022.

/s/ Michael P. Mills
U.S. DISTRICT COURT